Bernard J. DOLENZ, Appellant,

v.

**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellee.**

No. 03–93–00229–CV.

Court of Appeals of Texas,
Austin.

May 31, 1995.

Dr. Bernard J. Dolenz, Dallas, for appellant.

Stuart W. Bowen, Jr., Asst. Atty. Gen., General Counsel Div., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

KIDD, Justice.

Appellee Texas State Board of Medical Examiners (the "Board") suspended Bernard J. Dolenz' medical license for one year, probated. The district court dismissed Dolenz' suit for judicial review of the order on the basis that his motion for rehearing before the Board was insufficient. Dolenz appeals the order of dismissal, urging four points of error. We will reverse the district court's order of dismissal.

■ In point of error one, Dolenz asserts that the district court erred in holding it had no jurisdiction because his motion for rehearing before the agency was insufficient. In response to Dolenz' original petition, the Board filed a plea to the jurisdiction asserting: "Dolenz failed to file a motion for rehearing containing the *specific* assertions of error committed by the Board in its decision that advanced for the first time during oral argument at trial [sic]. That failure deprives [the district] court of jurisdiction to consider those claims." The plea to the jurisdiction complains only of the specificity of the motion for rehearing; the Board did not assert that Dolenz failed to file a motion for rehearing or that the motion was untimely.[1] The resulting district-court order states:

> Upon consideration of the pleadings and the presentation of arguments by both parties, it is the opinion of this Court that it has no jurisdiction over the administrative appeal of the Order entered by the Texas

---

1. The plea to the jurisdiction also asserts claims of sovereign and official immunity that are not at issue here.

State Board of Medical Examiners, due to the fact that [Dolenz'] Motion for Rehearing, filed at the Board, was insufficient.

It is therefore ORDERED, ADJUDGED AND DECREED that the administrative appeal is dismissed for lack of jurisdiction.

■ Section 2001.145 of the Administrative Procedure Act provides that a timely motion for rehearing is a prerequisite to a suit for judicial review of an agency order. Administrative Procedure Act ("APA"), Tex. Gov't Code Ann. § 2001.145(a) (West 1995).[2] The purpose of a motion for rehearing of an agency order is to provide an agency notice that a party is dissatisfied with a final order and that the party will seek review if the ruling is not changed. *Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 364 (Tex.1983); *see United Sav. Ass'n v. Vandygriff*, 594 S.W.2d 163, 168–70 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.). The supreme court has determined that a motion for rehearing must "be sufficiently definite to apprise the regulatory agency of the error claimed and to allow the agency opportunity to correct the error or to prepare to defend it." *Suburban Util. Corp.*, 652 S.W.2d at 365; *accord Texas Ass'n of Long Distance Tel. Cos. v. Public Util. Comm'n*, 798 S.W.2d 875, 881 (Tex.App.—Austin 1990, writ denied). Accordingly, a motion must set out two requirements pertaining to each contention: (1) the particular ruling or action of the agency that the movant asserts was erroneous and (2) the legal basis upon which the claim of error rests. *Morgan v. Employees' Retirement Sys.*, 872 S.W.2d 819, 821 (Tex.App.—Austin 1994, no writ); *Burke v. Central Educ. Agency*, 725 S.W.2d 393, 396–97 (Tex.App.—Austin 1987, writ ref'd n.r.e.). The Board's assertion that Dolenz' motion for rehearing did not satisfy these requirements was the sole basis of its plea to the jurisdiction.

■ A plea to the jurisdiction contests the court's authority to determine the subject matter of the cause of action. *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1989, writ denied); *Schulz v. Schulz*, 726 S.W.2d 256, 257 (Tex.App.—Austin 1987, no writ). The plea raises incurable defects in jurisdiction which are shown on the face of a plaintiff's pleadings, taking the pleadings' allegations as true.[3] *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (1960); *Washington v. Fort Bend Indep. Sch. Dist.*, 892 S.W.2d 156, 159 (Tex.App.—Houston [14th Dist.] 1994, writ denied). If well taken, the trial court must sustain the plea and dismiss the cause. *Texas Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967). When a cause of action derives from a statute, the statutory provisions are mandatory and exclusive and must be complied with; otherwise, the action is not maintainable because the court lacks jurisdiction. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891 (Tex.1986); *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1087 (1926); *Methodist Hosps. v. Texas Workers' Compensation Comm'n*, 874 S.W.2d 144, 149 (Tex.App.—Austin 1994, no writ). Accordingly, whether a party seeking judicial review of an agency order complied with the rehearing requirement of section 2001.145(a) of the APA may properly be the subject of a plea to the jurisdiction. *See Ector County Comm'rs Court v. Central Educ. Agency*, 786 S.W.2d 449, 541 (Tex.App.—Austin 1990, writ denied); *Mahon v. Vandygriff*, 578 S.W.2d 144, 147–48 (Tex.App.—Austin 1979, writ ref'd n.r.e.).

■ Furthermore, a motion for rehearing may be so general that the motion fails completely as a motion for rehearing. *See Hamamcy v. Texas State Bd. of Medical Examiners*, 900 S.W.2d 423 (Tex.App.—Austin 1995, no writ h.). In that instance, the suit for judicial review is subject to dismissal for

---

2. All citations in this opinion are to the current Administrative Procedure Act rather that the former Administrative Procedure and Texas Register Act, because the recent codification did not substantively change the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen.Laws 583, 986.

3. A plea to the jurisdiction can also challenge the accuracy or truth of jurisdictional facts pleaded by the plaintiff, in which case evidence of such facts must be presented. *See* 2 *Texas Civil Practice* § 9.11 (Diane M. Allen et al. eds., 1992 ed.). Here, the Board's plea did not assert such a challenge.

want of jurisdiction. *See Id.; Testoni v. Blue Cross & Blue Shield,* 861 S.W.2d 387, 391 (Tex.App.—Austin 1992, no writ) (one-sentence motion was not sufficient to preserve error or provide jurisdiction). Accordingly, we consider whether the district court may have granted the Board's plea to the jurisdiction on that basis in this proceeding.

■■■ "In deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition." *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied); *see Green v. Watson,* 860 S.W.2d 238, 240 n. 2 (Tex.App.—Austin 1993, no writ). When reviewing a trial court order granting a plea to the jurisdiction, an appellate court "construe[s] the pleadings in favor of the plaintiff and look[s] to the pleader's intent." *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993) (quoting *Huston v. Federal Deposit Ins. Corp.,* 663 S.W.2d 126, 129 (Tex.App.—Eastland 1983, writ ref'd n.r.e.)); *see North Alamo Water Supply Corp. v. Texas Dep't of Health,* 839 S.W.2d 455, 457 (Tex.App.—Austin 1992, writ denied).

In his first amended original petition, Dolenz states that a Board order was sent to him on November 28, 1993; that he filed a timely motion for rehearing on or about December 3, 1990; and that the Board overruled the motion for rehearing. Attached to the petition as exhibits are copies of the Board's order, signed on November 12, 1990, and a motion for rehearing with the cause number and style of the Board order and Dolenz' signature, and showing service on the Board on December 3, 1990.[4] *See* Tex. R.Civ.P. 59. The motion for rehearing attached to Dolenz's petition is not so general as to fail completely as a motion for rehearing. Construing the pleadings in Dolenz'

favor and looking to his intent, we conclude that the district court incorrectly granted the Board's plea to the jurisdiction on the basis of the insufficiency of the motion for rehearing. *See Texas Ass'n of Business,* 852 S.W.2d at 446; *Liberty Mut. Ins. Co.,* 874 S.W.2d at 736. Because we have determined that the district court incorrectly granted the plea to the jurisdiction, we sustain Dolenz' first point of error.

■■■ In his second point of error, Dolenz contends the district court erred in not granting his motion for summary judgment on his claims against the board. The transcript does not include an order overruling the motion for summary judgment. Furthermore, an appellate court cannot review a trial court's action overruling a motion for summary judgment when the trial court has rendered an order of dismissal. *Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966); *see Nuby v. Allied Bankers Life Ins. Co.,* 797 S.W.2d 396, 397 (Tex.App.—Austin 1990, no writ). We overrule the second point of error.

Points of error three and four are directed to the Board's order. Because the district court did not reach these issues, we do not address these points.

Based on our determination that the district court erred in dismissing the cause for want of jurisdiction, we reverse the order of the district court and remand the cause to that court for further proceedings.

POWERS, Justice, dissenting.

Because the appellate record contains neither the original nor a certified copy of the agency record, in a case requiring substantial-evidence review, I respectfully dissent.

Dolenz's cause of action and requested remedy are purely creatures of statute. They are authorized by section 4.09 of the Medical Practice Act, which creates a cause

---

4. The dissent contends that we cannot consider Dolenz' appeal because the appellate record contains "neither the original nor a certified copy of the agency record[.]" We disagree because of the narrow context of this appeal. The Board filed its plea to the jurisdiction based upon Dolenz' failure to file a sufficiently definite motion for rehearing challenging the Board's final order. The district court ordered a dismissal for lack of

jurisdiction based *solely* upon a "consideration of the *pleadings* and the presentation of arguments by both parties." (Emphasis added). Thus, in the context of this dismissal for want of jurisdiction, the appellate court *must* look to the pleadings and attachments thereto in order to determine whether the district court erred in its dismissal.

of action for physicians, to be brought in district court, when a physician contends the Board's disciplinary decision is legally erroneous. The district court's review is under the substantial-evidence rule, which includes the stricture that the court's review "is confined to the agency record" save for circumstances not material here. Administrative Procedure Act, Tex.Gov't Code Ann. §§ 2001.174, .175 (West 1995) ("APA").[1] The majority disregard this statutory requirement and purport to exercise this Court's power of appellate review *without* a copy of the agency record.

The majority apparently believe they may do so because Dolenz attached to his district-court petition a purported copy of the motion for rehearing he filed in the contested case while it was before the agency, for they recite the common-law rule that pleas to the jurisdiction are generally determinable from the plaintiff's petition alone, taking as true the plaintiff's allegations unless these are challenged by a dilatory plea. *See 2 Texas Civil Practice* § 9.11 (Diane M. Allen et al. eds., 1992 ed.). The copy attached to Dolenz's petition is neither the original nor a certified copy of the motion for rehearing so far as the appellate record indicates. In order to decide the appeal on the basis of the copy, the majority have necessarily *presumed* certain matters that a copy of the entire agency record would have shown: that Dolenz *actually* filed a *timely* motion for rehearing in the contested case; that the motion was overruled by operation of law as

opposed to an agency order expressly doing so; that Dolenz's petition in district court was therefore *timely* filed; that the copy of the motion attached to Dolenz's petition is a true copy of the motion for rehearing he filed in the contested case; and that the motion was included in an original or certified copy of the agency record filed in the district court.[2] Against these presumptions, the law interposes the long-standing rule in cases of judicial review of agency actions: *nothing is presumed* in favor of the reviewing court's jurisdiction; the plaintiff who invokes the court's jurisdiction must allege and *prove affirmatively* that he or she complied with each statutory step specified for the court to exercise the power of review given it by statute. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087–89 (1926).

What then of the common-law rule that the question of jurisdiction must generally be decided by the contents of the plaintiff's petition (and presumably its attached copies of documents)? Common-law actions lie exclusively within a district court's constitutionally delegated original general jurisdiction; thus the courts may properly and logically apply the common-law rule that subject-matter jurisdiction is presumed *unless* the plaintiff's petition shows affirmatively a *want of jurisdiction.* But this cannot be the case when the plaintiff's petition invokes the district court's *special, limited,* and *statutory* jurisdiction to hear and determine a purely statutory cause of action and to award a purely statutory remedy outside the common law.[3]

1. Judicial review "under the substantial-evidence rule" is a term of art. It refers to the *scope of review* allowed the reviewing court as spelled out in APA section 2001.174. It refers also to the *procedures* for such review as these are set out in APA section 2001.175. The latter statute is applicable here.

After receiving service of citation, the defendant agency must, within the time required for filing its answer, "send to the reviewing court the original or a certified copy of the *entire record* of the proceeding under review. The record shall be filed with the clerk of the court." APA § 2001.175(b) (emphasis added). "A court shall conduct the review sitting without a jury and is *confined to the agency record,* except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency that are not reflected in the record." APA § 2001.1175(e) (emphasis added). One reason

"for the exclusiveness of the record principle" is that it "affords reviewing courts *full* opportunity to evaluate the [agency] decision." Bernard Schwartz, *Administrative Law* § 713, at 368 (2d ed. 1984) (emphasis added).

2. Motions for rehearing are a part of the agency record. *See* APA § 2001.060(1).

3. In cases like the present, "there is no presumption of jurisdiction" in the district court "although it is one of general jurisdiction." *Mingus,* 285 S.W. at 1089. Similarly, there is no presumption of jurisdiction in our court on appellate review and we must ascertain our own jurisdiction whether or not the parties make complaint in that connection. *See Williams v. State,* 562 S.W.2d 889, 890 (Tex.Civ.App.—El Paso 1978, writ dism'd). And because our jurisdiction depends on whether the district court

Concerning these causes of action and remedies, the judicial department has imposed upon itself *different* rules in order to keep the courts within the judicial power allotted them under the state constitution: (1) the reviewing court may act *only* in the manner provided by the statute creating the right and the remedy; (2) *nothing* is presumed in favor of the court's jurisdiction (*e.g., nothing* in the plaintiff's petition, including allegations necessary to the court's jurisdiction, may be taken as true); and (3) the plaintiff must in consequence *prove* affirmatively his or her compliance with each statutory step specified for the court's exercise of its power of review (*e.g.,* the plaintiff must *prove* that he or she filed in the agency proceeding a timely motion for rehearing). *See Bullock v. Amoco Prod. Co.,* 608 S.W.2d 899, 901 (Tex.1980); *Mingus,* 285 S.W. at 1087–89; W.H. Arnold III, *Courts—Pleading and Proof of Jurisdictional Facts,* 27 Tex.L.Rev. 386–87 (1949). For want of an agency record, the proof is not before us showing the jurisdictional facts the majority have presumed to be true.

It may be that the trial court correctly dismissed Dolenz's statutory cause of action for want of jurisdiction, even though that court gave the wrong reason for doing so. For example, it may be that Dolenz's purported motion for rehearing was not filed in a timely manner in the contested case. If that is true, the trial court's dismissal for want of jurisdiction would be correct even though its stated reasons are invalid. We would then be obliged to affirm the trial-court judgment. *Reiche v. Williams,* 143 Tex. 365, 185 S.W.2d 420 (1945). We cannot, therefore, perform properly our appellate function without the agency record.

I would therefore abate the appeal and direct that the clerk of the district court furnish us the original or certified copy of the agency record filed in the cause pursuant to APA section 2001.175(b). *See* Tex.R.App.P. 51(d), 55(c).

had subject-matter jurisdiction, we must ascertain, *without the aid of any presumptions,* whether that court had jurisdiction. In that connection, we look not only to the plaintiff's allegations

For the reasons given, I respectfully dissent.

below but to whether the agency record *shows affirmatively* that the district court acquired subject-matter jurisdiction. *Mingus,* 285 S.W. at 1089.