TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00348-CV






Bernard J. Dolenz, Appellant



v.



Texas State Board of Medical Examiners; Homer H. Goehrs, M.D.;


Connie Ode; R. A. D. Morton, Jr., M.D., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 91-1399A, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 






 Bernard J. Dolenz appeals from a final judgment resulting from opposing motions
for summary judgment in his libel action against the Texas State Board of Medical Examiners and
its members. (1) We will affirm the judgment.


THE CONTROVERSY


 Dolenz holds a license to practice medicine. Following a contested-case hearing,
the Board issued a final order suspending his license for one year. The order was based on
statutory grounds, namely that Dolenz failed to (1) keep complete and accurate records pertaining
to the purchase and disposal of controlled substances, and (2) practice medicine in an acceptable
manner consistent with the public health and welfare. See Texas Medical Practice Act, Tex. Rev.
Civ. Stat. Ann. art. 4495b, §§ 3.08(4)(B), 3.08(18) (West Supp. 1998). The order of suspension
was probated. (2)

 Dolenz brought against the Board, in district court, a statutory cause of action for
judicial review of the Board order. See Tex. Rev. Civ. Stat. Ann. art. 4495(b), § 4.09 (West
Supp. 1998). While his suit was pending, he amended his petition to allege a common law cause
of action for libel based upon allegedly defamatory statements contained in the Board's Spring
1991 newsletter. The statements alleged to be defamatory summarized as follows the disciplinary
action taken by the Board in Dolenz's contested case:


REPORT ON BOARD MEETINGS



Those physicians recently cited to appear and answer allegations of Medical
Practice Act violations are as follows: (Note: This list may not reflect a change
occurring near the publication date. For current information, check with the Board
office.)


* * *



DOLENZ, BERNARD J., M.D. (C7391)--Dallas


Board Finding:


Failure to keep complete and accurate records of purchases and disposals of drugs
listed in the Texas Controlled Substances Act; failure to practice medicine in
acceptable manner consistent with public health and welfare.


Board Action:


One-year suspension, suspension probated, with conditions

(On appeal to Travis County District Court)



 Dolenz and the Board filed opposing motions for summary judgment pertaining to
his cause of action for libel. The grounds urged by the parties are discussed below. The district
court sustained the Board's motion and denied Dolenz's motion. Dolenz took the present appeal
after the district court severed his common law libel action from his statutory cause of action for
judicial review of the Board's disciplinary order. (3)


DISCUSSION AND HOLDINGS


 Among the matters urged by the Board in its answer, in its motion for summary
judgment, and in response to Dolenz's motion for summary judgment, was a plea of absolute
privilege concerning the statements Dolenz alleged were defamatory. We believe it necessary to
discuss only this affirmative defense because Dolenz could not recover and the Board could not
be liable to him if it were established, as a matter of law, that the statements in the Spring 1991
newsletter were absolutely privileged. (4)

 The Board is an executive body of state government; its members are executive
officers of the state. Whether they are sheltered from defamation actions depends upon the nature
of the public duties they perform, the importance of the public office, whether they are required
to perform policymaking functions, and whether the statements alleged to be defamatory were
made in the course of exercising their official authority. See generally 50 Am. Jur. 2d Libel &
Slander § 288, at 573 (1995).

 The Board's powers and duties are given them by the legislature in order for the
state to regulate the practice of medicine within its borders. See Tex. Rev. Civ. Stat. Ann. art.
4495b, § 2.01 (West Supp. 1998). The legislature has empowered the Board to make and execute
public policy, regulating the practice of medicine by means of rules, appointments, lawsuits,
examinations and investigations, reports and publications, licensing practitioners, and disciplining
them through informal proceedings and contested-case adjudications. (5) There can be no question,
in this instance, that the Board and its members acted within their official capacity; they were
required by statute to report and publicize summaries of their disciplinary orders such as that
pertaining to Dolenz included in the Spring 1991 newsletter. See Tex. Rev. Civ. Stat. Ann. art.
4495b, § 2.09(p) (West Supp. 1998). Nor can one legitimately quarrel with the importance of the
Board and its duties and powers, insofar as the public interest is concerned. If the public
importance of regulating insurance and railroad practices justifies (and it does) extending an
absolute privilege to regulatory authorities in those areas, the importance of regulating the practice
of medicine in the public interest justifies extending the same privilege to the Board and its
members. See Reagan v. Guardian Life Ins. Co., 166 S.W.2d 909, 912 (Tex. 1942); Aransas
Harbor Terminal Ry. Co. v. Taber, 235 S.W. 841, 842-43 (Tex. 1921); see also Texas State Bd.
of Medical Examiners v. Scheffey, 949 S.W.2d 431, 435-36 (Tex. App.--Austin 1997, writ
denied); Thompson v. Texas State Bd. of Medical Examiners, 570 S.W.2d 123, 128 (Tex. Civ.
App.--Tyler 1978, writ ref'd n.r.e.); see generally W. E. Shipley, Annotation, Libel and Slander:
Privilege Applicable to Judicial Proceedings as Extending to Administrative Proceedings, 45
A.L.R. 2d 1296, 1306-08 (1956).

 We hold the statement pertaining to Dolenz, appearing in the 1991 Spring
newsletter, was absolutely privileged. Accordingly, the district court did not err in granting the
Board's motion for summary judgment on that ground.

 Dolenz also contends in his first point of error that the district court erred in
denying his motion for summary judgment because the pleadings and his request for admission,
which the Board failed to answer, entitled him to judgment as a matter of law. We have examined
the unanswered request for admissions. The requested admissions do not pertain to the elements
of a cause of action for libel nor to the Spring 1991 newsletter. They refer instead to the Board's
adjudication of the contested case in which Dolenz's license was suspended by a final order of the
Board. More importantly, the district court did not err in denying Dolenz's motion for summary
judgment because no remedy exists in the face of an absolute privilege, "and this is true even
though the language is false and uttered or published with express malice." Reagan, 166 S.W.2d
at 912. We hold accordingly. (6) For the reasons given, we affirm the district court judgment.



 

 John Powers, Justice

Before Chief Justice Aboussie, Justices Powers and B. A. Smith

Affirmed

Filed: November 30, 1998

Publish

1.   The Board members were defendants in district court and appellees here. They are Homer
Goehrs, Connie Ode, and R. A. D. Morton. For convenience we will refer generally to the Board
alone in the text of the opinion.
2.   The period of suspension expired November 20, 1991.
3.   On the Board's plea, the district court subsequently dismissed for want of jurisdiction
Dolenz's cause of action for judicial review of the Board order. In Dolenz's appeal from that
order, we reversed the district court judgment and remanded the cause to that court. See Dolenz
v. Texas State Bd. of Medical Examiners, 899 S.W.2d 809 (Tex. App.--Austin 1995, no writ). 
4.   The elements of a cause of action for defamation are stated as follows in the Restatement of
Torts, Second: 


To create liability for defamation there must be: (a) a false and defamatory statement
concerning another; (b) an unprivileged publication to a third party; (c) fault
amounting at least to negligence on the part of the publisher; and (d) either action-ability of the statement irrespective of special harm or the existence of special harm
caused by the publication.


Restatement (Second) of Torts § 558 (1977) (emphasis added).
5.   See, e.g., the following sections of article 4495b: § 2.09(a),(b),(c),(i),(k); § 3.025, §
4.02(d), § 4.025 (rulemaking); § 2.09(b-1), (i) (appointments); § 2.09(j) (enforcement through the
bringing of lawsuits); § 2.09(m), § 3.01(e), § 4.02 (investigation); § 2.09(p), (s) (reports and
publicity); § 3.03, § 3.0305, § 3.04, § 3.05 (examination and licensure); § 3.08, § 4.01, § 4.025,
§ 4.03-.08 (discipline through informal proceedings and contested-case adjudications). 
6.   In his remaining points of error, Dolenz contends that granting the Board's motion for
summary judgment was erroneous because the statements in the 1991 Spring newsletter were
"false and not true," and the Board and its members were "not immune to suit . . . under the facts
of this case." The last-named point argues that "official immunity only shields persons from suits
complaining of official acts; persons can still be sued in their individual capacities for wrongful
unofficial acts." Bagg v. University of Texas Medical Branch at Galveston, 726 S.W.2d 582, 584-85 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). Baggs sued on causes of action for
breach of contract and "various" other actions, not including defamation. The defense invoked
in that suit was official immunity, not absolute privilege as a defense to a defamation action. 


anting the
Board's motion for summary judgment on that ground.