TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00603-CV






Daniel T. O'Dell, Appellant



v.



Rick Perry, (1) Governor of the State of Texas; and John Cornyn, Attorney General

for the State of Texas, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. GN0-01551, HONORABLE DERWOOD JOHNSON, JUDGE PRESIDING 






 Daniel T. O'Dell appeals from the trial court order granting the plea to the jurisdiction
of appellees Rick Perry, Governor of the State of Texas and John Cornyn, Attorney General for the
State of Texas (hereafter, "the State"). Although appellant's pro se pleadings are vague, the
gravamen of his complaint seems to be that the State breached a contract covering the installation
or repair of electrical generators in two state-owned buildings. The plea to the jurisdiction asserted
the State's sovereign immunity. We will affirm the trial court judgment. (2)

 A plea to the jurisdiction raises incurable defects in jurisdiction as shown on the face
of a plaintiff's pleadings. See Bybee v. Fireman's Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960);
Dolenz v. Texas State Bd. of Med. Exam'rs, 899 S.W.2d 809, 811 (Tex. App.--Austin 1995, no
writ). Generally, in deciding whether to grant a plea to the jurisdiction, the trial court looks solely
to the allegations in the petition. See Dolenz, 899 S.W.2d at 811. (3) When reviewing a trial court
order granting a plea to the jurisdiction, an appellate court construes the pleadings in favor of the
plaintiff and looks to the pleader's intent. Id.

 Sovereign immunity, unless waived, protects the State from lawsuits for damages. 
Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 408 (Tex. 1997); Director of the Dep't of Agric.
& Env't v. Printing Indus. Ass'n of Texas, 600 S.W.2d 264, 265-66 (Tex. 1980). The State does not
waive its immunity from suit by entering into a contract for goods and services. Federal Sign, 951
S.W.2d at 408 (Tex. 1997). The legislature has established an administrative procedure to resolve
appellant's breach of contract claims against the State. Tex. Gov't Code Ann. §§ 2260.001-.108
(West 2000). That procedure is the exclusive method available for resolving such claims. General
Servs. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 593 (Tex. 2001). Even a liberal
construction of appellant's pleadings shows his suit is barred by sovereign immunity.

 Appellant complains that he was deprived of a jury trial. However, the trial court 
granted a plea to the jurisdiction as a matter of law based on appellant's pleadings; that
determination did not require a jury as no fact issue needed resolution. (4) See, e.g., H. E. Butt Grocery
Co. v. Bilotto, 985 S.W.2d 22, 34 (Tex. 1998) (jury's role finding facts).

 Appellant also appears to attempt to raise a worker's compensation issue. The record
does not show that the trial court had before it any decision rendered by the Texas Worker's
Compensation Commission (the Commission). See generally Tex. Labor Code Ann. §§ 410.001-.308 (West 1996 & Supp. 2001) (procedures for adjudication of disputes at Commission and for
judicial review). To the degree that appellant complains that the Commission is not acting rapidly
enough on a matter before it and wants us to order the Commissioners to act by a certain time, we
have no power to do so. See Tex. Gov't Code Ann. § 22.002(c) (West supp. 2001) (only Texas
Supreme Court may issue writs against officers of executive departments of state government to
compel performance of duty).

 We have reviewed appellant's brief and the record in this case and conclude no error
requiring reversal exists. Tex. R. App. P. 44.1(a). Accordingly, we affirm the trial court judgment.



 

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: June 29, 2001

Do Not Publish

1. Rick Perry has been substituted as a party for George Bush. Tex. R. App. P. 7.2(a) (automatic
substitution of public officers).
2. Appellee has not tendered a brief. Appellant's brief does not comply with the briefing rules. 
See generally Tex. R. App. P. 38. However, considering the principle that briefing rules are to be
liberally construed and the abbreviated nature of the record, we have submitted the case based on
appellant's brief and the record as filed with this Court. See Tex. R. App. P. 38.9.
3. Some pleas to the jurisdiction may require the taking of evidence to resolve the jurisdictional
issue. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554-55 (Tex. 2000). This is not such a plea.
4. The record is not clear whether there was a timely and proper jury demand or payment of the
jury fee. Tex. R. Civ. P. 216.


risdiction raises incurable defects in jurisdiction as shown on the face
of a plaintiff's pleadings. See Bybee v. Fireman's Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960);
Dolenz v. Texas State Bd. of Med. Exam'rs, 899 S.W.2d 809, 811 (Tex. App.--Austin 1995, no
writ). Generally, in deciding whether to grant a plea to the jurisdiction, the trial court looks solely
to the allegations in the petition. See Dolenz, 899 S.W.2d at 811. (3) When reviewing a trial court
order granting a plea to the jurisdiction, an appellate court construes the pleadings in favor of the
plaintiff and looks to the pleader's intent. Id.

 Sovereign immunity, unless waived, protects the State from lawsuits for damages. 
Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 408 (Tex. 1997); Director of the Dep't of Agric.
& Env't v. Printing Indus. Ass'n of Texas, 600 S.W.2d 264, 265-66 (Tex. 1980). The State does not
waive its immunity from suit by entering into a contract for goods and services. Federal Sign, 951
S.W.2d at 408 (Tex. 1997). The legislature has established an administrative procedure to resolve
appellant's breach of contract claims against the State. Tex. Gov't Code Ann. §§ 2260.001-.108
(West 2000). That procedure is the exclusive method available for resolving such claims. General
Servs. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 593 (Tex. 2001). Even a liberal
construction of appellant's pleadings shows his suit is barred by sovereign immunity.

 Appellant complains that he was deprived of a jury trial. However, the trial court 
granted a plea to the jurisdiction as a matter of law based on appellant's pleadings; that
determination did not require a jury as no fact issue needed resolution.