TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-05-00450-CV






Keith W. Williams, Appellant


v.


Mike Geeslin, in his Official Capacity as Commissioner of Insurance for the State of Texas,
and Texas Department of Insurance, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN 500299, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 A default order was entered by the Commissioner of Insurance Mike Geeslin (the
"Commissioner") against Keith Williams, which revoked several of his insurance licenses. Williams
filed a motion for rehearing with the Texas Department of Insurance (the "Department"). The
motion was overruled, and Williams appealed the order to the district court. The Commissioner and
the Department (collectively "appellees") filed a motion for summary judgment contending that
Williams's motion for rehearing did not sufficiently describe the errors he complained of and,
therefore, did not preserve his right to appeal. The district court granted the appellees' motion for
summary judgment. We will affirm the judgment of the district court.


BACKGROUND


 On November 24, 2004, the Commissioner entered a default order revoking the
following insurance licenses from Williams: (1) general life, (2) accident and health, and (3) general
property and casualty. The order contained twenty-five findings of fact and eight conclusions of law
including, among others, that (1) the Department had received twelve complaints against Williams;
(2) Williams conducted business under the names of two insurance companies, which were not
registered with the Department; (3) Williams failed to obtain insurance policies for several
individuals after collecting premium payments; (4) Williams failed to forward premium payments
to the appropriate insurance companies; (5) Williams failed to respond to any of the complaints
despite repeated requests from the Department; (6) Williams engaged in fraudulent or dishonest acts
or practices; and (7) Williams misappropriated money. The order was sent to Williams on
November 29, 2004, via certified mail.

 In response, Williams filed a pro se motion for rehearing dated December 18, 2004,
stating the following: 


I KEITH WILLIAMS WISH TO APPEAL THE DESCIPINARY ACTION ABOVE
MENTION. I FEEL THAT THE FINDING FACTS OR ALL RESOLVE OR
FALSE.


I WISH TO OBTAIN AN HERRING OR FUTHER DISCUSSION OF THIS
MATTER.


I KEITH WILLIAMS WISH TO NOT SUSPEND MY LICENSE UNTIL FURTHER
NOTICE. 



 On January 26, 2005, the Department sent notice that Williams's motion for rehearing
had been overruled by operation of law, and Williams filed suit in the district court seeking judicial
review of the default order. See Tex. Gov't Code Ann. §§ 2001.146(c) (West 2000) (motion for
rehearing, unless time extended, overruled by operation of law 45 days after party notified of agency
order); 2001.171 (West 2000) (party that has exhausted all administrative remedies entitled to
judicial review of agency decision). Appellees filed a motion for summary judgment stating that
Williams's motion for rehearing did not properly preserve error because it did not identify the
alleged errors with sufficient specificity. The district court granted the motion, and Williams appeals
the judgment of the district court.


STANDARD OF REVIEW


 We review the granting of a summary judgment de novo. Valence v. Dorsett
Operating Co., 164 S.W.3d 656, 661 (Tex. 2005). In reviewing a summary judgment, we take all
evidence favorable to the nonmovant as true and resolve any doubts in the nonmovant's favor. Id. 
A movant is entitled to summary judgment if he demonstrates there are no genuine issues of material
fact and establishes all the elements of his claim as a matter of law. See Tex. R. Civ. P. 166a(c);
Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).


DISCUSSION


 On appeal, Williams contends that the district court erred in granting appellees'
motion for summary judgment. Specifically, he contends that his motion for rehearing was
sufficiently definite to preserve his right to appeal because he stated that the findings of fact in the
Department's order were false. In support of this argument, Williams notes that the appellee's
motion for summary judgment did not have an affidavit stating that appellees were unable to
comprehend Williams's motion for rehearing or correct the errors he complained of. 

 We disagree with Williams's assertion. First, we note that, in order to prevent unfair
advantage, pro se litigants are held to the same standards as licensed attorneys and are required to
comply with applicable laws and procedural rules. LaGoye v. Victoria Wood Condo. Ass'n, 112
S.W.3d 777, 787 (Tex. App.--Houston [14th Dist.] 2003, no pet.); see Wheeler v. Green, 157
S.W.3d 439, 444 (Tex. 2005). Second, we note that, subject to two exceptions not applicable in this
case, litigants wanting to appeal an agency order must file a motion for rehearing in a contested case
hearing within twenty days after being notified of the order. See Tex. Gov't Code Ann. §§ 2001.145
(West 2000), .146(a) (West 2000) (twenty-day deadline); see also id. § 2001.144(a)(3), (4) (West
2000) (describing exceptions).

 The contents of a motion for rehearing determine whether error has been preserved. 
Hill v. Board of Trs. of the Ret. Sys. of Tex., 40 S.W.3d 676, 679 (Tex. App.--Austin 2001, no pet.). 
The purpose of a motion for rehearing is to inform the agency that the party is dissatisfied with the
final order and will appeal the order if the ruling is not changed. Coalition for Long Point
Preservation v. Texas Comm'n on Envtl. Quality, 106 S.W.3d 363, 373 (Tex. App.--Austin 2003,
pet. denied). For this reason, the motion must be sufficiently definite. Id.; see also Dolenz v. Texas
State Bd. of Med. Exam'rs, 899 S.W.2d 809, 811 (Tex. App.--Austin 1995, no writ) (motion for
rehearing may be so general that it fails as motion). To be effective, a motion for rehearing must
"apprise the regulatory agency of the error claimed" in order "to allow the agency opportunity to
correct the error or to prepare to defend it." Subaru Util. Corp. v. Public Util. Comm'n of Tex., 652
S.W.2d 358, 365 (Tex. 1983); see Dolenz, 899 S.W.2d at 811. For each contention of error, the
complaining party must set out in his motion for rehearing (1) the particular finding of fact,
conclusion of law, ruling, or other action by the agency that the complaining party asserts was error
and (2) the legal basis upon which his claim rests. Burke v. Central Educ. Agency, 725 S.W.3d 393,
397 (Tex. App.--Austin 1987, writ ref'd n.r.e.); see Dolenz, 899 S.W.2d at 811. Without these two
elements, an agency will be unable to correct the error complained of or prepare a defense to the
contention that the action was error. See Coalition for Long Point Preservation, 106 S.W.3d at 373;
Burke, 725 S.W.3d at 397. Generalities will not suffice for either element, and statements to the
effect that the agency's entire order or all of the findings of fact or conclusions of law are in error
will not suffice. Cf. Burke, 725 S.W.3d at 397.

 Williams's motion for rehearing does not identify the particular findings of fact or
conclusions of law he believes are in error. Rather, his motion seems to state that all of the findings
of fact are false, which is too general to enable the appellees to correct the error or prepare a defense
to Williams's assertion. See id. at 398-99 (court concluded assertions in motion for rehearing were
insufficient because they did not refer to any particular finding or conclusion and did not refer to
legal principles as support; court also rejected idea that agencies should be required to review entire
record to find its own errors and correct them). Further, appellees were not required to file an
affidavit specifying that they were unable to understand the complaints made by Williams in his
motion; on the contrary, the burden of specifically stating the errors complained of was on Williams. 
See Subaru Util. Corp., 652 S.W.2d at 365.

 Alternatively, Williams asserts that his motion for rehearing read in conjunction with 
a letter filed by his attorney on January 24, 2005, provided appellees with enough information to
ascertain what his complaints were and to address them accordingly. The letter asked the Board to
extend the deadline for filing a motion to set aside the verdict due to errors allegedly committed by 
appellees. First, the letter stated that Williams was not properly served with notice of the hearing
because an individual other than Williams signed for the notice. Second, the letter stated that the
Commissioner's order was sent to the wrong address. Finally, the letter stated that Williams did not
actually receive a copy of the order until December 16, 2004, and that, upon receipt of the order,
Williams filed his motion on December 18, 2004, in an attempt to meet the deadline for filing a
motion for rehearing.

 However, Williams made no mention of these alleged errors in his motion for
rehearing. Even assuming that the allegations in the letter are true and that Williams did not receive
a copy of the order until December 16, 2004, the letter was not mailed until January 24, 2005, well
after the deadline for setting aside the default order and after the deadline for filing a motion for
rehearing. (1) See Tex. Gov't Code Ann. § 2001.146 (motion for rehearing must be filed within 20
days after party notified of agency order); 1 Tex. Admin. Code § 155.55(e) (2005) (party may file
motion to set aside default judgment within ten days of hearing as long as dismissal, proposal for
decision, or final order has not been issued); see also 28 Tex. Admin. Code §§ 1.88 (2006) (written
response to notice of hearing), 1.89 (2006) (what constitutes default and remedies). Finally, in the
letter, Williams's attorney only takes issue with the address the order was sent to and the lack of
information regarding the relationship between Williams and the individual who signed for the
notice of hearing but, like Williams's motion, does not specify which of the findings or conclusions
relevant to the revocation of Williams's licenses were in error.

 For all the reasons given, we conclude that Williams's motion for rehearing failed to
preserve his right to appeal and overrule his issue on appeal.

CONCLUSION


 Having overruled Williams's issue on appeal, we affirm the judgment of the district
court.



 

 David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed 

Filed: July 21, 2006

1. In the letter, Williams's attorney admits that the letter was written after the deadline for
filing a motion to set aside the default order.