# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00450-CV

**Keith W. Williams, Appellant**

**v.**

**Mike Geeslin, in his Official Capacity as Commissioner of Insurance for the State of Texas, and Texas Department of Insurance, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. GN 500299, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A default order was entered by the Commissioner of Insurance Mike Geeslin (the "Commissioner") against Keith Williams, which revoked several of his insurance licenses. Williams filed a motion for rehearing with the Texas Department of Insurance (the "Department"). The motion was overruled, and Williams appealed the order to the district court. The Commissioner and the Department (collectively "appellees") filed a motion for summary judgment contending that Williams's motion for rehearing did not sufficiently describe the errors he complained of and, therefore, did not preserve his right to appeal. The district court granted the appellees' motion for summary judgment. We will affirm the judgment of the district court.

## BACKGROUND

On November 24, 2004, the Commissioner entered a default order revoking the following insurance licenses from Williams: (1) general life, (2) accident and health, and (3) general property and casualty. The order contained twenty-five findings of fact and eight conclusions of law including, among others, that (1) the Department had received twelve complaints against Williams; (2) Williams conducted business under the names of two insurance companies, which were not registered with the Department; (3) Williams failed to obtain insurance policies for several individuals after collecting premium payments; (4) Williams failed to forward premium payments to the appropriate insurance companies; (5) Williams failed to respond to any of the complaints despite repeated requests from the Department; (6) Williams engaged in fraudulent or dishonest acts or practices; and (7) Williams misappropriated money. The order was sent to Williams on November 29, 2004, via certified mail.

In response, Williams filed a pro se motion for rehearing dated December 18, 2004, stating the following:

> I KEITH WILLIAMS WISH TO APPEAL THE DESCIPINARY ACTION ABOVE MENTION. I FEEL THAT THE FINDING FACTS OR ALL RESOLVE OR FALSE.
>
> I WISH TO OBTAIN AN HERRING OR FUTHER DISCUSSION OF THIS MATTER.
>
> I KEITH WILLIAMS WISH TO NOT SUSPEND MY LICENSE UNTIL FURTHER NOTICE.

On January 26, 2005, the Department sent notice that Williams's motion for rehearing had been overruled by operation of law, and Williams filed suit in the district court seeking judicial

2

review of the default order.  *See* Tex. Gov't Code Ann. §§ 2001.146(c) (West 2000) (motion for rehearing, unless time extended, overruled by operation of law 45 days after party notified of agency order); 2001.171 (West 2000) (party that has exhausted all administrative remedies entitled to judicial review of agency decision).  Appellees filed a motion for summary judgment stating that Williams's motion for rehearing did not properly preserve error because it did not identify the alleged errors with sufficient specificity.  The district court granted the motion, and Williams appeals the judgment of the district court.

## STANDARD OF REVIEW

We review the granting of a summary judgment de novo.  *Valence v. Dorsett Operating Co.*, 164 S.W.3d 656, 661 (Tex. 2005).  In reviewing a summary judgment, we take all evidence favorable to the nonmovant as true and resolve any doubts in the nonmovant's favor.  *Id.* A movant is entitled to summary judgment if he demonstrates there are no genuine issues of material fact and establishes all the elements of his claim as a matter of law.  *See* Tex. R. Civ. P. 166a(c); *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

## DISCUSSION

On appeal, Williams contends that the district court erred in granting appellees' motion for summary judgment.  Specifically, he contends that his motion for rehearing was sufficiently definite to preserve his right to appeal because he stated that the findings of fact in the Department's order were false.  In support of this argument, Williams notes that the appellee's motion for summary judgment did not have an affidavit stating that appellees were unable to comprehend Williams's motion for rehearing or correct the errors he complained of.

We disagree with Williams's assertion. First, we note that, in order to prevent unfair advantage, pro se litigants are held to the same standards as licensed attorneys and are required to comply with applicable laws and procedural rules. *LaGoye v. Victoria Wood Condo. Ass'n*, 112 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *see Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). Second, we note that, subject to two exceptions not applicable in this case, litigants wanting to appeal an agency order must file a motion for rehearing in a contested case hearing within twenty days after being notified of the order. *See* Tex. Gov't Code Ann. §§ 2001.145 (West 2000), .146(a) (West 2000) (twenty-day deadline); *see also id.* § 2001.144(a)(3), (4) (West 2000) (describing exceptions).

The contents of a motion for rehearing determine whether error has been preserved. *Hill v. Board of Trs. of the Ret. Sys. of Tex.*, 40 S.W.3d 676, 679 (Tex. App.—Austin 2001, no pet.). The purpose of a motion for rehearing is to inform the agency that the party is dissatisfied with the final order and will appeal the order if the ruling is not changed. *Coalition for Long Point Preservation v. Texas Comm'n on Envtl. Quality*, 106 S.W.3d 363, 373 (Tex. App.—Austin 2003, pet. denied). For this reason, the motion must be sufficiently definite. *Id.*; *see also Dolenz v. Texas State Bd. of Med. Exam'rs*, 899 S.W.2d 809, 811 (Tex. App.—Austin 1995, no writ) (motion for rehearing may be so general that it fails as motion). To be effective, a motion for rehearing must "apprise the regulatory agency of the error claimed" in order "to allow the agency opportunity to correct the error or to prepare to defend it." *Subaru Util. Corp. v. Public Util. Comm'n of Tex.*, 652 S.W.2d 358, 365 (Tex. 1983); *see Dolenz*, 899 S.W.2d at 811. For each contention of error, the complaining party must set out in his motion for rehearing (1) the *particular finding of fact*, conclusion of law, ruling, or other action by the agency that the complaining party asserts was error

4

and (2) the legal basis upon which his claim rests. *Burke v. Central Educ. Agency*, 725 S.W.3d 393, 397 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *see Dolenz*, 899 S.W.2d at 811. Without these two elements, an agency will be unable to correct the error complained of or prepare a defense to the contention that the action was error. *See Coalition for Long Point Preservation*, 106 S.W.3d at 373; *Burke*, 725 S.W.3d at 397. Generalities will not suffice for either element, and statements to the effect that the agency's entire order or all of the findings of fact or conclusions of law are in error will not suffice. *Cf. Burke*, 725 S.W.3d at 397.

Williams's motion for rehearing does not identify the particular findings of fact or conclusions of law he believes are in error. Rather, his motion seems to state that all of the findings of fact are false, which is too general to enable the appellees to correct the error or prepare a defense to Williams's assertion. *See id.* at 398-99 (court concluded assertions in motion for rehearing were insufficient because they did not refer to any particular finding or conclusion and did not refer to legal principles as support; court also rejected idea that agencies should be required to review entire record to find its own errors and correct them). Further, appellees were not required to file an affidavit specifying that they were unable to understand the complaints made by Williams in his motion; on the contrary, the burden of specifically stating the errors complained of was on Williams. *See Subaru Util. Corp.*, 652 S.W.2d at 365.

Alternatively, Williams asserts that his motion for rehearing read in conjunction with a letter filed by his attorney on January 24, 2005, provided appellees with enough information to ascertain what his complaints were and to address them accordingly. The letter asked the Board to extend the deadline for filing a motion to set aside the verdict due to errors allegedly committed by appellees. First, the letter stated that Williams was not properly served with notice of the hearing

5

because an individual other than Williams signed for the notice. Second, the letter stated that the Commissioner's order was sent to the wrong address. Finally, the letter stated that Williams did not actually receive a copy of the order until December 16, 2004, and that, upon receipt of the order, Williams filed his motion on December 18, 2004, in an attempt to meet the deadline for filing a motion for rehearing.

However, Williams made no mention of these alleged errors in his motion for rehearing. Even assuming that the allegations in the letter are true and that Williams did not receive a copy of the order until December 16, 2004, the letter was not mailed until January 24, 2005, well after the deadline for setting aside the default order and after the deadline for filing a motion for rehearing.[1] *See* Tex. Gov't Code Ann. § 2001.146 (motion for rehearing must be filed within 20 days after party notified of agency order); 1 Tex. Admin. Code § 155.55(e) (2005) (party may file motion to set aside default judgment within ten days of hearing as long as dismissal, proposal for decision, or final order has not been issued); *see also* 28 Tex. Admin. Code §§ 1.88 (2006) (written response to notice of hearing), 1.89 (2006) (what constitutes default and remedies). Finally, in the letter, Williams's attorney only takes issue with the address the order was sent to and the lack of information regarding the relationship between Williams and the individual who signed for the notice of hearing but, like Williams's motion, does not specify which of the findings or conclusions relevant to the revocation of Williams's licenses were in error.

For all the reasons given, we conclude that Williams's motion for rehearing failed to preserve his right to appeal and overrule his issue on appeal.

---

[1] In the letter, Williams's attorney admits that the letter was written after the deadline for filing a motion to set aside the default order.

**CONCLUSION**

Having overruled Williams's issue on appeal, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   July 21, 2006