**TEXAS HIGHWAY DEPARTMENT,**
Appellant,

v.

**Eldridge JARRELL, Appellee.**

**No. 7768.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 15, 1966.

Rehearing Denied Dec. 13, 1966.

Waggoner Carr, Atty. Gen., Malcolm L. Quick, Asst. Atty. Gen., Austin, for appellant.

C. V. Flanary, Jr., Flanary & Bailey, Paris, for appellee.

DAVIS, Justice.

This is an action to set aside a Workmen's Compensation Settlement Agreement on the grounds of fraud. The jury answered all the issues in favor of plaintiff appellee, Eldridge Jarrell. A judgment was entered setting aside the compromise settlement agreement. Defendant appellant, Texas Highway Department has perfected its appeal. It brings forward only one point of error, which reads as follows: "The trial court erred in overruling appellant's plea in abatement."

## HISTORY

The case had previously been filed in the District Court of Delta County as Cause No. 6097 as a result of a Senate Concurrent Resolution #53, (1963). Appellant filed a plea of privilege which was overruled by the trial court. An appeal was taken to the Court of Civil Appeals of the Sixth Supreme Judicial District of Texas, Texarkana, Texas. The Court of Civil Appeals decision reversed the judg-

ment of the trial court and ordered Cause No. 6097 transferred to the District Court of Travis County, Texas. The Supreme Court of Texas dismissed the application for writ of error for the want of jurisdiction. While the case was pending, Senate Concurrent Resolution #27, (1965) was passed granting appellee permission to sue the State and placing the venue in Delta County. Cause No. 6097 was transferred to the District Court of Travis County, and the appellee took a non-suit. Appellee filed Cause No. 7064, involving the same parties and subject matter in the District Court of Delta County. Appellant filed a plea in abatement. The trial court overruled the plea in abatement. The case was tried before a jury. Judgment was entered upon the jury verdict. Hence, this appeal.

Senate Concurrent Resolution #53, (1963), was not a statute, but only permission to bring a civil suit. It did not fix the venue in Delta County. After the courts had sustained a plea of privilege, the Legislature next enacted Senate Concurrent Resolution #27, (1965). This was a permissive resolution that authorized the appellee to bring a civil suit in Delta County, growing out of the same transaction, involving the same people as was involved by SCR #53, but fixing venue in Delta County.

The State of Texas was, in truth and in fact, a party to the original suit. The Legislature of the State of Texas is the only agent of the State that can enact any concurrent resolutions, or grant anyone permission to sue the State. The Legislature enacted the following Concurrent Resolution #27:

"WHEREAS, Eldridge Jarrell of Cooper, Texas, a former employee of the Texas Highway Department, was granted permission to bring suit against the State of Texas and the Texas Highway Department to set aside a certain workmen's compensation compromise settlement agreement which Mr. Jarrell

signed in August, 1962, such permission to bring said suit having been granted by Acts, 58th Legislature, Regular Session, 1963, Senate Concurrent Resolution No. 53; and

"WHEREAS, the aforesaid Senate Concurrent Resolution did not provide that said suit be brought by Mr. Jarrell in Delta County, the county of his residence, or otherwise fix venue thereof; and

"WHEREAS, Mr. Jarrell, a resident citizen of Delta County, was employed by the Texas Highway Department to work in Delta County and has worked for the Texas Highway Department in Delta County for many years. He was injured in Delta County while an employee of the Texas Highway Department, and the aforementioned compromise settlement agreement was entered into in Delta County, and venue should be fixed in Delta County and Mr. Jarrell permitted to maintain said suit against the State of Texas and the Texas Highway Department in Delta County; now, therefore, be it

"RESOLVED, By the Senate of the 59th Legislature of Texas, the House of Representatives concurring, that Eldridge Jarrell of Cooper, Texas be and is hereby granted permission and given authority to institute and maintain his suit against the State of Texas and the Texas Highway Department for such relief as he may be entitled to concerning the workmen's compensation compromise settlement agreement which he signed in

August, 1962, in a court of competent jurisdiction in Delta County, and venue of Mr. Jarrell's suit is hereby fixed in Delta County; and, be it further

"RESOLVED, That nothing herein shall be construed as an admission on the part of the State of Texas, or any of the political subdivisions of the State of Texas, as to the validity of any allegations or claims asserted in said suit must be proved as in other suits under the same rules of evidence and the same laws as apply in and govern the trial of other civil cases; and, be it further

"RESOLVED, That nothing herein shall be construed as a waiver of any defense, of fact as well as law, that may be asserted by or available to the State of Texas, or any of the departments or agencies of the State of Texas, in said suit, but all such defenses are hereby specifically reserved."

The appellant occupied the same position in this lawsuit as any other litigant. By the enactment of the above Senate Concurrent Resolution #27, it agreed to be sued in Delta County.

There can be both "express" and "implied" waiver of venue rights. The State of Texas expressly waived the venue right in this case by agreeing to be sued in Delta County. Mooney Aircraft, Inc. v. Adams (Tex.Civ.App.1964), 377 S.W.2d 123 N.W.H. The point of error is overruled.

The judgment of the trial court is affirmed.