**TEXAS HIGHWAY DEPARTMENT,**
Petitioner,

v.

**Eldridge JARRELL, Respondent.**

**No. B–66.**

Supreme Court of Texas.

July 19, 1967.

Rehearing Denied Oct. 4, 1967.

Crawford C. Martin, Atty. Gen., Malcolm L. Quick and James C. McCoy, Asst. Attys. Gen., Austin, for petitioner.

Flanary & Bailey, C. V. Flanary, Jr., Paris, for respondent.

CALVERT, Justice.

This cause originated in a suit by respondent, Eldridge Jarrell, against his former employer, the Texas Highway Department, petitioner, to set aside a Workmen's Compensation settlement agreement on grounds of fraud. The trial court, with a jury, entered judgment setting aside the settlement agreement. The court of civil appeals has affirmed. 408 S.W.2d 957. We affirm.

Jarrell was first granted permission to sue the State by Senate Concurrent Resolution No. 53, which was silent as to venue. See Acts 58th Leg., R.S.1963, p. 1717. Pursuant thereto, Jarrell's first suit, Cause No. 6097, was filed on July 3, 1963, in the 62d District Court of Delta County, Texas.

The Texas Highway Department filed a plea of privilege contending that, as a state agency maintaining its principal place of business in Austin, Travis County, Texas,

it was entitled to be sued in that county. The trial court overruled the plea of privilege; but on May 5, 1964, the court of civil appeals reversed and ordered Cause No. 6097 transferred to a district court of Travis County. Texas Highway Dep't v. Jarrell, 379 S.W.2d 417 (Tex.Civ.App.—Texarkana 1964, writ dism'd w. o. j.). The transfer was effected.

On April 22, 1965, Jarrell again was granted permission to sue the State, in this instance by Senate Concurrent Resolution No. 27. See Acts 59th Leg., R.S. 1965, p. 1986. Unlike the earlier resolution which was silent as to venue, Resolution No. 27 placed venue in Delta County. Again Jarrell filed suit in Delta County; this action, designated as Cause No. 7064, involved the same parties and subject matter as Cause No. 6097.

On September 9, 1965, the Texas Highway Department filed a plea in abatement and a general denial in Cause No. 7064. Abatement was sought on the ground that Cause No. 6097 constituted a prior pending action involving the same controversy. On January 10, 1966, Jarrell took a non-suit in Cause No. 6097. On February 2, 1966, the Texas Highway Department filed a second plea in abatement in Cause No. 7064. In this plea, abatement was sought on the grounds that the final judgment as to venue in Cause No. 6097 was conclusive as to venue in Cause No. 7064, and the provision of Resolution No. 27 attempting to place venue in Delta County was an unconstitutional invasion of judicial authority and was null and void.

On March 31, 1966, the plea in abatement was overruled, and Cause No. 7064 was called for trial. Pursuant to the jury's answers to special issues, the court entered judgment setting aside the settlement agreement.

The Texas Highway Department's single point of error in the court of civil appeals was that the trial court erred in overruling its plea in abatement. In sustaining the judgment of the trial court, the court of civil appeals held that the State expressly waived its venue right by agreeing in Resolution No. 27 to be sued in Delta County.

Texas Highway Department contends first that the final judgment of the court of civil appeals sustaining petitioner's plea of privilege in Cause No. 6097 is res judicata with respect to the venue of this cause; that the trial court was, therefore, without jurisdiction to proceed to trial in Delta County, and the cause should be remanded to Travis County for trial on the merits.

We observe that a plea of res judicata is not a plea in abatement or a plea to the jurisdiction, but is a plea in bar. 34 Tex.Jur.2d, Judgments § 450. The three pleas have different objectives, and different consequences flow from their sustention. As applied to a pending claim for relief or cause of action, a plea to the jurisdiction, if sustained, would require a dismissal; a plea in abatement, if sustained, would require an abatement of the claim or cause of action until some obstacle to its further prosecution was removed, Life Ass'n of America v. Goode, 71 Tex. 90, 8 S.W. 639, at 640; and a plea in bar, if sustained, would require a judgment that the claimant take nothing. Kelley v. Bluff Creek Oil Co., 158 Tex. 180, 309 S.W.2d 208, at 214.

We attach no controlling effect to petitioner's erroneous styling of its plea of res judicata, and we treat the plea as a plea in bar. See Rule 71, Texas Rules of Civil Procedure. But petitioner seems also to have misconceived the posture of the case when the plea was filed. The plea of res judicata was directed only to an issue of venue, and petitioner had not raised an issue of proper venue by a plea of privilege as is required by Rule 86, Texas Rules of Civil Procedure. If petitioner had filed a plea of privilege and respondent had filed a controverting affidavit, proper venue of this cause would have been placed in issue, and petitioner's plea that the judgment in

Cause No. 6097 was res judicata of respondent's right to maintain venue in Delta County would have been in order. The plea if sustained, would have resulted in barring the right of respondent to assert that venue of this cause was properly laid in Delta County, and in automatic transfer of the cause to Travis County. Such was the course taken by the defendant in Murphy v. India Tire & Rubber Co., 27 S.W.2d 1110 (Tex.Civ.App.—Dallas 1930, no writ) on which respondent relies so heavily. Such also was the course taken by the defendants in a number of other cases in which our courts have held pleas of res judicata good on the issue of venue. See Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222 (1943); Southwestern Inv. Co. v. Gibson, 372 S.W.2d 754 (Tex.Civ.App.—Fort Worth 1963, no writ); Dearing v. Morgan, 120 S.W.2d 555 (Tex.Civ.App.—Fort Worth 1938, no writ); Landa v. Bogle, 62 S.W.2d 579 (Tex.Civ.App.—San Antonio 1933), rev'd on other grounds, 127 Tex. 317, 94 S.W.2d 154 (1936); Williams v. City of Dallas, 52 S.W.2d 373 (Tex.Civ.App.—Fort Worth 1932, no writ); Carter v. Calhoun, 6 S.W.2d 191 (Tex.Civ.App.—Beaumont 1928, no writ); Deatherage v. Kerrigan, 294 S.W. 698 (Tex.Civ.App.—Amarillo 1927, writ ref'd); Jacobson v. Berwick, 289 S.W. 1035 (Tex.Civ.App.—Beaumont 1926, no writ); Old v. Clark, 271 S.W. 183 (Tex.Civ.App.—Dallas 1925, no writ); Dallas Joint-Stock Land Bank v. Webb, 48 S.W.2d 434 (Tex.Civ.App.—San Antonio 1932, writ dism'd).

Much of what has been said with respect to the plea of res judicata is also applicable to the pleading that the provision of Resolution No. 27 placing venue in Delta County is unconstitutional and null and void. That fact, if it be one, did not constitute a sound ground for a plea to the jurisdiction of the court or to abate the cause. At most it was but a reason why the provision could not be relied upon to defeat petitioner's right to have the cause transferred to Travis County upon timely filing of a plea of privilege.

 Venue cannot be put in issue by pleas to the jurisdiction, pleas in bar, or pleas in abatement, but only by a plea of privilege. See Lanier v. Looney, 2 S.W.2d 347 (Tex.Civ.App.—Dallas 1928, writ ref'd). We disapprove Richardson v. Mohon, 157 S.W.2d 655 (Tex.Civ.App.—Fort Worth 1941, no writ) and Roach v. Trinity Universal Ins. Co., 119 S.W.2d 127 (Tex.Civ.App.—Texarkana 1938, no writ) in so far as they hold to the contrary. By failing to file a plea of privilege, petitioner waived its right, if any it had, to have the case transferred to Travis County. O'Neal v. Texas Bank & Trust Co., 118 Tex. 133, 11 S.W.2d 791 (1929). The plea in bar was properly overruled.

The judgment of the court of civil appeals is affirmed.