**Robert J. KUZEL, Appellant,**

v.

**AETNA INSURANCE COMPANY,
Appellee.**

**No. 16789.**

Court of Appeals of Texas,
San Antonio.

April 13, 1983.

Rehearing Denied May 13, 1983.

Jeffrey C. Anderson, San Antonio, for appellant.

David Stephenson, San Antonio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This appeal arises from a lawsuit in which appellant sought to collect disability benefits pursuant to a contract of employment. Appellant appeals from an order granting appellee's plea to the jurisdiction. We affirm the judgment of the trial court.

The record reveals the following facts. Appellant was employed by Atlantic International Marketing Corporation (Atlantic), a Maryland corporation, to work in Saudi Arabia. Appellant first learned of the job opening with Atlantic by reading an advertisement in a Houston, Texas, newspaper. After undergoing a series of interviews in Houston, appellant was offered, and accepted, a position as an assistant general supervisor. George Kassatly, Atlantic's senior representative in Houston, testified that the agreement concerning appellant's employment was reached in Houston. While en route to Saudi Arabia, appellant signed a written contract of employment at Atlantic's home office in Baltimore, Maryland. The contract provides in pertinent part:

ITEM NINTH: *Governing Law.* This Agreement shall be governed by the law of the State of Maryland. It is understood and accepted by both parties that the Workmen's Compensation Law of Maryland shall constitute the exclusive remedy for any accident, injury or illness arising out of and in course of Employee's employment while this Agreement is in force and effect.

ITEM TENTH: *Entire Agreement.* This instrument constitutes the entire agreement between the parties hereto and no statement, promise or inducement made by any party hereto which is not contained herein shall be binding or valid.

Appellant testified that he was unaware of the provisions contained in paragraphs nine and ten of the contract, and that he did not recall any discussion of these provisions during contract negotiations in Houston. Kassatly testified that the terms of the agreement contained in paragraphs nine and ten were discussed in Baltimore.

After allegedly contracting pleurisy while on the job in Saudi Arabia, appellant filed suit against Atlantic for disability benefits. Appellant subsequently amended his pleadings to bring appellee Aetna into the lawsuit, and appellee answered with a plea to the jurisdiction. The trial court granted the plea, and in the same order, severed appellant's cause of action against Atlantic.

The court's written order granting the plea recites that the plea is meritorious and is granted. We note that at the conclusion of the hearing on appellee's plea to the jurisdiction, the court below stated, "the Court will grant the motion and abate the matter until Maryland law is followed up on an administrative level." Since appellee's plea prayed for dismissal, and since the trial court was without jurisdiction to abate the cause once it found it had no jurisdiction, we shall treat the order as one of dismissal. *See Texas Highway Department v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967). Findings of fact and conclusions of law were neither requested nor filed, thus the judgment of the trial court must be affirmed if it can be upheld upon any theory that is supported by the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977).

In point of error one appellant asserts he is statutorily exempt from coverage under the Maryland Workmen's Compensation Act, Md.Code Ann. art. 101 (1979), (the Maryland Act). Appellant thus claims the trial court erred in basing its order on appellant's failure to comply with the administrative remedies specified in the Maryland Act. Because he maintains he is not subject to the Maryland Act, appellant claims in his second point of error that the court erred in basing its order on the grounds that suit could be maintained only in Maryland.

■ The Maryland Act extends coverage to employees who are employed wholly without the State only if a contract of employment is "entered into" in Maryland. Md.Code Ann. art. 101, § 21(c)(4) (1979). Compliance with the statutorily prescribed administrative procedures is a prerequisite to judicial enforcement of a claim. *See St. Paul Fire & Marine Insurance Co. v. Treadwell,* 263 Md. 430, 283 A.2d 601, 604 (Md. 1971); Md.Code Ann. art. 101, § 56(a) (1979).

Appellant maintains the employment contract in question was entered into in Houston, Texas, thereby exempting him from the Maryland statute and its administrative procedures. Appellee, however, contends the contract was entered into in Baltimore, Maryland, when appellant signed the written agreement. The crucial issue for this appeal, therefore, is where the employment contract was entered into, particularly with regard to worker's compensation benefits.

■ Although both appellant and Atlantic's employee, Kassatly, testified that they viewed the signing of the written agreement as a mere formality, neither could recall discussing worker's compensation during the employment negotiations held in Houston. Rather, the testimony was that worker's compensation was discussed, if at all, in Baltimore. The evidence in the case before us supports the conclusion that a "meeting of the minds" concerning the "exclusive remedy" for worker's compensation benefits occurred in Baltimore, when the subject was brought up for the first time in the written contract. Although the parties may have intended the oral agreement reached in Houston to be binding, paragraphs nine and ten of the written contract signed by appellant in Baltimore contain material terms not previously agreed upon by appellant. Under the facts, we find that the employment contract was entered into in Baltimore, and the agreement reached in Houston was no more than preliminary negotiations. A contract is established when agreement is reached on all terms, and the preliminary agreements are expressly or impliedly incorporated into the final offer and acceptance. *See* 1 Corbin, Contracts § 29 at 84 (1963). By the terms of the written contract executed by appellant, Maryland law provides the exclusive remedy for work-related injury or illness; and by the terms of the Maryland Act, appellant must first exhaust his administrative remedies before seeking to judicially enforce his claim. *See* Md.Code Ann. art. 101, § 56(a) (1979). Appellant's points of error numbers one and two are overruled.

In points of error numbers three and four appellant claims the trial court committed reversible error if it sustained the plea to the jurisdiction on the grounds that only the courts of Maryland are capable of ad-

**196**

ministering the Maryland Act. Appellant contends the dissimilarity doctrine is no longer a defense, and that the compensation laws of Texas and Maryland are not so dissimilar as to preclude a Texas court from administering Maryland law.

We have found that appellant entered into a contract in Baltimore, by which he agreed that Maryland worker's compensation law would provide the exclusive remedy for any job-related injury or illness. There is no indication in the record that appellant has ever filed a claim for compensation benefits with the Maryland Workmen's Compensation Commission. Under Maryland law appellant is not entitled to judicial review until he has filed a claim, and received a determination on the claim, from the Maryland Workmen's Compensation Commission. *See* Md.Code Ann. art. 101, §§ 26(a)(4), 56(a) (Supp.1982). Even if the compensation laws of Texas and Maryland are substantially similar, as appellant maintains, the trial court correctly dismissed the action because of appellant's failure to comply with the administrative procedures specified in the Maryland Act. Appellant's points of error three and four are without merit and are overruled.

In his final point of error appellant claims the court erred in granting the plea to the jurisdiction on the grounds that a direct suit against an insurance company cannot be maintained in Texas. Appellant concedes in his brief that he does not believe the court based its order on this ground, and we can find nothing in the record to imply that the court did in fact grant the plea on this basis. In light of our holding under points of error one and two, we need not address appellant's point of error number five. The trial court's judgment must be affirmed if it can be upheld by any theory finding support in the evidence, *Lassiter v. Bliss, supra* at 358, and the judgment is supported by evidence which establishes that appellant entered into a contract, the terms of which subject him to the compensation laws of Maryland.

The judgment of the trial court is affirmed.