Dismissed and Opinion filed January 9, 2003

















Dismissed and
Opinion filed January 9, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00251-CV

_______________

 

TOMMY THOMAS,
SHERIFF OF HARRIS COUNTY, Appellant

 

V.

 

JEANNE LONG, Appellee

_______________________________________________________________

 

On Appeal from
the 281st District Court

Harris County, Texas

Trial Court
Cause No. 01-58372

_______________________________________________________________

 

O P I N I O N

 

            Tommy Thomas, Sheriff of Harris
County (the “Sheriff”), appeals a partial summary judgment granted in favor of
Jeanne Long on the grounds that the trial court lacked jurisdiction over Long’s action.  We
dismiss the appeal for lack of jurisdiction.

                                                                   Background

            After her employment with the
Sheriff’s Department (the “Department”) was terminated in June of 2000, Long
appealed the termination to the Harris County Sheriff’s Department Civil
Service Commission (the “Commission”). 
In September of 2001, the Commission overturned the termination and
ordered Long returned to work with no loss of seniority or benefits, but denied
her claim for reimbursement of (back) wages.

            A dispute thereafter arose between
the parties as to whether, in connection with Long’s
return to work, she would be required to undergo the testing required by the
Department Manual for employees who were absent from duty for more than twelve
consecutive months.  Long filed suit in
District Court against the Sheriff in his official capacity seeking: (1) a
mandamus directing the Sheriff to return her to work without testing; (2) a declaratory
judgment that she should be returned to work without complying with the
Department’s testing procedures; and (3) an award of back pay and damages for
retaliation for filing a discrimination charge with the Texas Commission on
Human Rights.

            After the parties filed cross
motions for summary judgment, the trial court signed interlocutory partial
summary judgment orders: (1) declaring that, under the Commission’s order, Long
was not required to perform any tests as a condition to returning to work or to
apply for re-employment; (2) dismissing Long’s
request for mandamus relief; and (3) recognizing that the only remaining claims
were Long’s claims for retaliation, back pay, and
attorney’s fees.

            On appeal, the Sheriff’s sole point
of error asserts that the trial court lacked jurisdiction over Long’s claims for the following reasons: (1) the Commission
has exclusive jurisdiction over grievances and disciplinary appeals of
Department employees; (2) Long failed to appeal the Commission’s order, file a
new grievance, or otherwise exhaust her administrative remedies regarding the
testing requirement before filing this action in the trial court; (3) the
Declaratory Judgment Act[1] does
not allow courts to declare the meaning of judgments and orders, such as the
Commission’s order; and (4) the County’s sovereign immunity has not been waived
with regard to Long’s claim for back pay.

 

                                          Jurisdiction Over Interlocutory Appeal

            An appeal may generally be taken
only from a final judgment.  Lehman v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).[2]  Accordingly, appellate courts have
jurisdiction over appeals of interlocutory orders only if a statute explicitly
allows it.  Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex.
1998).  Orders from which an
interlocutory appeal may be taken include the granting or denial of a plea to
the jurisdiction by a governmental unit and the denial of motions for summary
judgment based on certain grounds which do not include lack of subject matter
jurisdiction or declaratory relief.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp.
2003).

            In this case, the Sheriff filed with
his answer a partial “plea in bar”[3]
against Long’s reinstatement claims (i.e., those other than for retaliation)
based on the exclusive or primary jurisdiction of the Commission over Long’s claims.  Lack
of jurisdiction based on the exclusive jurisdiction of the Commission was also
a ground for the Sheriff’s partial motion for summary judgment.  The three orders signed by the trial court
reflect rulings on the cross motions for partial summary judgment, but no
express ruling on the Sheriff’s “plea in bar.” 
Because one of the three orders specifically acknowledges that claims
remain in the lawsuit, and our record contains no severance order, there is no
final judgment disposing of all the issues and parties.  In addition, because our record does not
contain an order granting or denying a plea to the jurisdiction, and because
section 51.014(a) does not include an appeal of the denial of summary judgment
based on lack of subject matter jurisdiction, that statute does not explicitly
provide that we have jurisdiction over this interlocutory appeal.  See Stary, 967 S.W.2d at 352-53.  Therefore, we may not exercise jurisdiction
over it.

                                         Challenges to Trial Court’s Jurisdiction

            Moreover, even if the denial of the
Sheriff’s motion for partial summary judgment based on lack of jurisdiction
could be viewed as the denial of a plea to the jurisdiction under section
51.014(a), it would allow us to review only his claim of exclusive
jurisdiction.  This is because: (1) to
the extent the Commission had primary, but not exclusive, jurisdiction over Long’s claims, the trial court would not lack jurisdiction
over them;[4] (2)
if the Commission’s order was not the proper subject of declaratory relief, the
trial court only misapplied the Declaratory Judgment Act, it was not deprived
of jurisdiction over it; and (3) regardless whether the Sheriff’s department is
immune from liability for Long’s claims for back pay, the Sheriff’s brief has not
established that it is immune from suit
on those claims, as would be necessary to establish the trial court’s lack of
jurisdiction over those claims.[5]

            As to the Sheriff’s contentions
regarding exclusive jurisdiction, he is correct that, when an agency has
exclusive jurisdiction, a party must exhaust all administrative remedies before
seeking judicial review of the agency’s claim. 
See Subaru of Am., Inc. v. David McDavid Nissan,
Inc., 84 S.W.3d 212, 221 (Tex.
2002).  Until then, the trial court lacks
subject matter jurisdiction and must dismiss the claims within the agency’s
exclusive jurisdiction.  Id.

            However, an agency has exclusive
jurisdiction only when a pervasive regulatory scheme indicates that the
Legislature intended for the regulatory process to be the exclusive means of
remedying the problem to which the regulation is addressed.  See id.  Whether an agency has exclusive jurisdiction
depends upon statutory interpretation.  Id.  Because the question of subject matter
jurisdiction is thus a legal question, a trial court’s ruling on a plea to the
jurisdiction is reviewed de novo.  See State Dep’t of Highways & Pub. Transp.
v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002).

            In this case, the only statute cited
by Sheriff Thomas in support of his exclusive jurisdiction claim essentially
states that the Commission shall “adopt, publish, and enforce rules” regarding,
among other things, employee disciplinary actions and grievance
procedures.  However, this language does
not expressly refer to exclusive jurisdiction, and the Sheriff has not cited a
case holding that this or similar statutory or regulatory language is
sufficient to confer exclusive jurisdiction.[6]  Under these circumstances, even if we had
jurisdiction to decide this appeal, we would lack a sufficient basis to sustain
the Sheriff’s contentions.  Accordingly,
the appeal is dismissed for lack of jurisdiction.

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed January 9,
 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

 

 











[1]           See Tex. Civ. Prac. & Rem. Code Ann.
§§ 37.001-.011 (Vernon 1997 & Supp. 2003)





[2]           A judgment is final for purposes of
appeal if it disposes of all pending parties and claims in the record, except
as necessary to carry out the decree.  Lehman, 39 S.W.3d at 195.





[3]           As contrasted from a plea in bar,
which, if sustained, results in a take-nothing judgment, a plea to the
jurisdiction is a dilatory plea which, if sustained, results in a dismissal
without regard to the merits of the claim. 
See Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Tex. Highway Dep’t v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967).





[4]           See Subaru
of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 220 (Tex. 2002)
(noting that, despite similar terminology, primary jurisdiction is prudential
whereas exclusive jurisdiction is jurisdictional).





[5]           See, e.g.,
Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d
246, 248 (Tex. 2002) (contrasting immunity from liability, which does not
affect a trial court’s jurisdiction, from immunity from suit, which deprives a
trial court of subject matter jurisdiction and is properly asserted in a plea
to the jurisdiction).





[6]           An example of statutory language
conferring exclusive jurisdiction is found in section 3.01(a) of article
4413(36) of the Texas Revised Civil Statutes: “The board has the exclusive,
original jurisdiction to regulate those aspects of the distribution, sale, and
leasing of motor vehicles as governed by this Act . . . .”  See
Subaru, 84 S.W.3d at 223; Tex. Rev. Civ. Stat.
Ann. art. 4413(36), § 3.01(a) (Vernon Supp.
2003)