In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-323 CV


____________________



CHARLES FARMER, Appellant



V.



KARLA J.M. ROGERS and MICKEY TOMPKINS, Appellees






On Appeal from the 163rd District Court 


 Orange County, Texas


Trial Cause No. B-040517-C 






MEMORANDUM OPINION


 This appeal presents a question of whether the trial court erred in dismissing an
inmate's suit against his trial counsel and the court reporter who transcribed the record for
the appeal of his criminal case. The record demonstrates that the trial court has not signed
a final order in this case. Accordingly, we dismiss the appeal for lack of jurisdiction.

 After Charles M. Farmer was convicted in Cause No. B-980336-R and assessed a
ninety-nine year sentence, he appealed to this Court. See Farmer v. State, No. 09-01-371-
CR, 2003 WL 297495 (Tex. App.--Beaumont, Feb. 12, 2003, pet. ref'd). The court reporter
who prepared the record for that appeal failed to prepare a record of the testimony of one of
the witnesses and include it in the record of Farmer's appeal. The court reporter realized her
error and prepared a supplemental record, but after this Court issued its opinion. Farmer
filed a complaint against Mickey Tompkins with the Court Reporters Certification Board. 
In her response to the Board, Tompkins admitted she had inadvertently omitted some
testimony from the record of the criminal trial. The Board dismissed the complaint. 

 The Court of Criminal Appeals denied Farmer leave to file a petition for writ of
mandamus on September 15, 2004, and on January 26, 2005, denied Farmer's application
for writ of habeas corpus without issuing a written order. We subsequently denied Farmer's
petition for writ of mandamus. See In re Farmer, No. 09-05-072-CV, 2005 WL 552128
(Tex. App.--Beaumont, March 10, 2005, orig. proceeding). The federal court dismissed
Farmer's federal habeas petition so that the Court of Criminal Appeals would have the
opportunity to consider Farmer's claims in a state habeas proceeding. See Farmer v. Dretke,
No. 1:05CV104, 2006 WL 197190 (E.D.Tex. Jan. 20, 2006). Seeking to have the record of
his criminal case supplemented, Farmer filed a mandamus petition in this Court. Noting that
a state intermediate appellate court cannot grant new appellate review of his final criminal
conviction, we denied relief. In re Farmer, No. 09-06-248-CV, 2006 WL 1781624 (Tex.
App.--Beaumont, June 29, 2006, orig. proceeding). Seeking to compel the trial court to
conduct a hearing on the accuracy of the record of Farmer's (now long-final) appeal, Farmer
filed another mandamus proceeding. We again denied relief. In re Farmer, No. 09-07-040-CV, 2007 WL 274741 (Tex. App.--Beaumont, Feb. 1, 2007, orig. proceeding). 

 Meanwhile, Farmer filed a petition for a temporary injunction, naming as defendants
the defense counsel and the court reporter from the criminal case and alleging that the
defendants possessed records he needed to continue to litigate the legality of his confinement.
The pleading was initially assigned to the 128th District Court and docketed as Cause No.
A-040517-C but the docket number was later changed to Cause No. B-040517-C and the
case was transferred to the 163rd District Court for reasons that are not clear on this record. (1)
The trial court denied Farmer's request for interim relief. (2) Farmer failed to request issuance
of citation and no action was taken on his motion for a temporary injunction. Several months
later, Farmer filed a document titled "Judicial Notice." The document was filed in Cause No.
B-040517-C. In this document, Farmer seems to be seeking an acknowledgment from the
trial court that Tompkins violated a court order to file a complete reporter's record in
Farmer's criminal case. This document asked the trial court to conduct a hearing into the
record prepared by Tompkins and her response to the Board. 

 Karla Rogers filed a motion to dismiss her from the case because Farmer had failed
to allege a claim against her. In a response, Farmer claimed Rogers maliciously intercepted
the records he needed to establish his claim of actual innocence. Farmer then filed a
document titled "Original Complaint" in which Farmer named Tompkins as the sole
defendant. This document appears to be an attempt to initiate a criminal case against
Tompkins. The "Original Complaint" alleged Tompkins fabricated or tampered with
evidence submitted to the Court Reporters Certification Board. This document was also filed
in Cause No. B-040517-C. Tompkins filed a motion to dismiss on the grounds that Farmer's
claims were barred by res judicata and that no wrongdoing had been found by the Board. 
The trial court's order at issue specifically dismissed the "Judicial Notice" with prejudice for
lack of subject matter jurisdiction. 

 Farmer raises five issues in his appeal: (1) whether the trial court abused its discretion
in ruling that Farmer's claims were barred by res judicata and that Farmer does not have the
right to appeal the Board's findings; (2) whether the trial court abused its discretion in
refusing to accept and consider Farmer's evidence before ruling; (3) whether the trial court
abused its discretion in consolidating Farmer's separate pleadings, and subsequently erred
in failing to (a) give notice to all parties, (b) specify which pleading was being considered
at the hearing, (c) dispose of all claims against all persons, and (d) reduce the order of
dismissal to writing; (4) whether the trial court abused its discretion in allowing Farmer to
remain shackled during a hearing; and (5) whether the trial court abused its discretion in not
allowing Farmer to amend his pleadings.

 In dismissing Farmer's "Judicial Notice" for lack of subject matter jurisdiction, the
trial court based its decision on the fact that this Court previously denied a petition for writ
of mandamus. Ruling that our decision in the mandamus action was res judicata of the
matters raised in Farmer's "Judicial Notice," and that the Court Reporters Certification
Board's dismissal of Farmer's complaint is not subject to review, the trial court also ruled
that Farmer's claim for relief was frivolous. The trial court's order mentions neither the
petition for a temporary injunction nor the complaint in which Farmer alleged Tompkins
committed a criminal offense. 

 In his third issue, Farmer contends the trial court erred in consolidating his petition
for a temporary restraining order and temporary injunction with his "Judicial Notice." He
also argues that the trial court failed to dispose of all the claims and parties before the court.
An order or judgment is final if it disposes of all remaining parties and claims, regardless of
its language. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001). The parties
before the court were Farmer, who appeared by filing a petition for temporary restraining
order and temporary injunction and a request for judicial notice; Rogers, who appeared by
filing an answer and a motion to dismiss; and Tompkins, who appeared by filing an answer
and a motion to dismiss. The claims before the court were a request for an injunction against
Rogers and Tompkins, a document titled "Original Complaint" that requested criminal
charges commence against Tompkins, and a document titled "Judicial Notice." (3) The trial
court expressly dismissed the "Judicial Notice," so the question to be resolved is whether the
order disposed of the claims raised in the other two documents. 

 A criminal prosecution commences only upon the filing of an indictment or
information. See Tex. Code Crim. Proc. Ann. arts. 21.01, 21.03, 21.20, 21.21 (Vernon
1989). Farmer's "Original Complaint" could not have the effect of commencing criminal
proceedings against Tompkins and did not invoke the trial court's criminal jurisdiction. The
document titled "Petition for Temporary Restraining Order and Order to Show Cause for a
Temporary Injunction" appears to be a motion for temporary relief pending determination
of the merits of the case. See Tex. R. Civ. P. 683. An application for a true temporary
injunction would become moot upon the resolution of the underlying matter in controversy. 
See In re Garrett, No. 07-06-453-CV, 2006 WL 3780599, at *1 (Tex. App.--Amarillo, Dec.
22, 2006, orig. proceeding). However, a careful reading of Farmer's petition reveals that the
document is misnamed. Farmer seeks an order for Tompkins to retain her notes and records
of his criminal case "pending a full hearing on the merits" of a matter that cannot be
determined by the district court. In his prayer, Farmer states that the documents he seeks to
have preserved "are needed for official proceedings before the higher courts of this state."
The relief he seeks is not temporary relief to preserve the status quo pending resolution of
Farmer's claims against Tompkins and Rogers, but preservation of the status quo pending
habeas corpus proceedings before the Court of Criminal Appeals and the federal district
court. 

 In her response to Farmer's third issue, Tompkins contends that Farmer affirmatively
negated the trial court's jurisdiction. She appears to argue that the actions of the Court
Reporters Certification Board in the disciplinary proceeding and this Court's series of
memorandum opinions denying Farmer's petitions for writ of mandamus finally determined
the issues raised in Farmer's pleadings and that Farmer could not amend his pleadings to
invoke the trial court's jurisdiction. We note, however, that neither the Board's action in
dismissing Farmer's complaint nor our opinions denying mandamus relief were final
decisions on the merits. Farmer's pleadings are exceedingly difficult to understand, but
Tompkins did not file special exceptions. See Tex. R. Civ. P. 85, 90. Furthermore,
Tompkins's motion to dismiss was based upon res judicata, not jurisdiction. " [A] plea of
res judicata is not a plea in abatement or a plea to the jurisdiction, but is a plea in bar." Tex.
Hwy. Dep't v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967). 

 Because the trial court did not expressly dispose of Farmer's request that Tompkins
and Rogers be ordered to preserve the notes and files relating to Farmer's criminal case, and
the order of dismissal does not with unmistakable clarity dispose of all the issues raised in
Farmer's pleadings, the order of dismissal is interlocutory. See Lehmann, 39 S.W.3d at 192. 
We dismiss this appeal for lack of jurisdiction. 

 APPEAL DISMISSED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted on February 28, 2008

Opinion Delivered May 29, 2008


Before Gaultney, Kreger, and Horton, JJ.

DISSENTING OPINION



 I respectfully dissent. The clerk's file includes a document prepared and filed by
Farmer, that is signed by the trial judge, and is labeled "Order to Set Hearing In Support of
Temporary Restr[ai]ning Order to Show Cause for a Temporary Injunction." The last
sentence states, "Said Temporary Injunction Is Hereby:[.]" The document then provides two
options for the judge: "Granted" or "Denied." The trial judge checked "Denied" and signed
the Order. 

 Farmer filed the "Judicial Notice." The dismissal order dismisses that last pleading
and denies all relief. "A judgment that finally disposes of all remaining parties and claims,
based on the record in the case, is final, regardless of its language." Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 200 (Tex. 2001). I believe the judgment is final and we have
jurisdiction of the appeal. 

 As the majority notes, "Farmer's pleadings are exceedingly difficult to understand[.]" 
Nevertheless, in my view, the trial court should have granted Farmer's request that the court
reporter retain her records of the criminal trial for any subsequent habeas corpus proceeding. 
The subsequent "Judicial Notice" filing was properly dismissed, however. 


 ____________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered

May 29, 2008
1. Farmer's criminal case was filed in the 163rd District Court.
2. No temporary restraining order was entered by the trial court. The only indication
in the record of any action taken by the trial court is a check mark denying Farmer's request
for an oral hearing on his application for temporary injunctive relief.
3. We cannot say that the "Petition for Temporary Injunction" was superseded by the
filing of the "Judicial Notice." Farmer intended these matters to be separate proceedings and
objected to their being filed in the same case. Farmer did not abandon his request for
injunctive relief.