

# IN THE
## TENTH COURT OF APPEALS

### No. 10-12-00248-CV

KAREN HALL,

                                                            Appellant

 v.

CITY OF BRYAN, TEXAS,

                                                            Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 12-000391-CV-272

## MEMORANDUM OPINION

On July 17, 1999, the City of Bryan adopted an ordinance annexing part of Karen Hall's property.  In 2004, she filed suit seeking disannexation.  The trial court granted the City's motion for summary judgment and Hall appealed.  We affirmed the trial court's judgment in 2006. *See Hall v. City of Bryan*, No. 10-05-00417-CV, 2006 Tex. App. LEXIS 10280 (Tex. App.—Waco Nov. 29, 2006, pet. denied) (mem. op.).  In 2010, Hall again sued the City for disannexation.  The trial court granted the City's plea to the jurisdiction, and if it had any jurisdiction, the trial court granted the City's motion for

summary judgment.  We affirmed the trial court's judgment as to the City's plea to the jurisdiction.  *See Hall v. City of Bryan*, No. 10-10-00403-CV, 2011 Tex. App. LEXIS 8038 (Tex. App.—Waco Oct. 5, 2011, pet. denied) (mem. op.).  In 2012, Hall sued the City a third time for disannexation.  The City again filed a plea to the jurisdiction and a motion for summary judgment.  The trial court granted the plea to the jurisdiction but did not rule on the motion for summary judgment.  It also did not state the grounds on which it granted the City's plea to the jurisdiction.  Because the trial court erred in granting the City's plea to the jurisdiction as to one of Hall's claims, the trial court's judgment granting the City's plea to the jurisdiction and dismissing Hall's suit is affirmed in part and reversed and remanded in part.

**PLEA TO THE JURISDICTION**

Hall complains in her second issue[1] that the trial court erred in granting the City's plea to the jurisdiction on any ground alleged by the City.

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).  We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent.  *Id*.  If, however, a plea to the jurisdiction challenges the existence of jurisdictional facts, we

---

[1] Because of our disposition of this issue, we need not discuss Hall's first issue regarding the trial court's failure to file findings of fact and conclusions of law.

consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id*. at 227-228. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*.

To pursue an action for disannexation in the district court, a person must have signed the petition for disannexation and must show that a valid petition was filed with the municipality and that the "municipality failed to perform its obligations in accordance with the service plan or failed to perform in good faith." Tex. Loc. Gov't Code Ann. § 43.141(b) (West 2008). Hall alleged in her first amended petition for disannexation in the trial court that a petition for disannexation was filed with the City Secretary on September 1, 2009 and that the City denied the petition on October 27, 2009. Hall also alleged that she is a qualified voter in Brazos County with an address within the annexed area and was able to be one of the signers of the petition submitted to the City Secretary.

*Standing*

But, the City generally contended in its initial plea to the jurisdiction that Hall lacked standing to bring her claims.

Standing, as a component of subject matter jurisdiction, cannot be waived and may even be raised for the first time on appeal by the parties or by the court. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 445-446 (Tex. 1993). In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court. *Heckman v. Williamson County*, 369 S.W.3d 137, 154 (Tex. 2012); *see Texas Ass'n of Business*, 852 S.W.2d at 446. A standing inquiry "requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Heckman*, 369 S.W.3d at 156 (quoting *Allen v. Wright*, 468 U.S. 737, 752, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)).

The City argues that Hall complains the City failed to provide free municipal services which the service plan did not include. Consequently, its argument continues, a complaint that a service plan omits provisions required by Section 43.056 of the Local Government Code or contains terms in conflict with this section is a procedural complaint that only the State can raise in a *quo warranto* proceeding.[2] *See* TEX. LOC. GOV'T CODE ANN. § 43.056 (West Supp. 2013). Hall contends, however, that she has standing because her petition does not challenge the initial annexation and is limited to a request for disannexation due to the City's failure to provide full municipal services in

---

[2] As we have previously explained, the only proper method for attacking the annexation process is through a *quo warranto* proceeding. *Hall v. City of Bryan*, No. 10-10-00403-CV, 2011 Tex. App. LEXIS 8038, *6 (Tex. App.—Waco Oct. 5, 2011, pet. denied) (memo. op.).

good faith or under its service plan. Thus, her argument continues, the City's challenge to her standing to sue fails.

The Texas Constitution grants cities the power to annex, or bring within their jurisdiction, land. TEX. CONST. art XI, § 5. The Legislature establishes the procedures to be used by cities in conducting annexations. *See* TEX. LOC. GOV'T CODE ANN. ch. 43 (West 2008 & Supp. 2013). When a city brings property into its jurisdiction, it *must* present a proposed plan for providing city services to the area being annexed. *See* TEX. LOC. GOV'T CODE ANN. § 43.056 (West Supp. 2013). Complaints about the annexation process, such as the adequacy of a service plan, cannot normally be brought by individual landowners. *See City of San Antonio v. Hardee*, 70 S.W.3d 207, 211 (Tex. App.—San Antonio 2001, no pet.) (plaintiffs did not have standing to complain that city did not follow the procedures set out in section 43.052(b)-(c)); *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 438 (Tex. 1991) (plaintiff could not complain that city failed to provide, and continued to fail to provide, a service plan as required; that city annexed the property for the purpose of levying ad valorem taxes; and that city had no ability or intention to provide service to the property); *see also Hall v. City of Bryan*, No. 10-10-00403-CV, 2011 Tex. App. LEXIS 8038, \*5 (Tex. App.—Waco Oct. 5, 2011, pet. denied) (mem. op.); *Hall v. City of Bryan*, No. 10-05-00417-CV, 2006 Tex. App. LEXIS 10280, n. 1 (Tex. App.—Waco Nov. 29, 2006, pet. denied) (mem. op.). However, complaints about the failure to provide services under the service plan or the implementation of the

services plan are complaints about which a property owner does have standing to sue for disannexation. *See Hall*, 2011 Tex. App. LEXIS 8038 at *6, 7. Thus, to determine if the trial court has jurisdiction of a disannexation suit, the nature of the landowner's complaints must be closely examined to determine if the complaint is about the annexation process or the implementation of the annexation plan. *Id*. *6. Hall's last attempt to appeal the trial court's order granting the City's plea to the jurisdiction was unsuccessful because her claims related to misrepresentations made by the City prior to the annexation which this Court held to be an attack on the validity of the annexation process itself. *Id*. *8-9.

This time, Hall's complaints are a little different. As explained below, Hall still complains to some extent about the adequacy of the service plan adopted as compared to the service plan required by the Local Government Code. This is a complaint about the annexation process and is a complaint that she does not have standing to pursue.

Specifically, Hall argues that she may bring a suit for disannexation because the City failed to provide full municipal services "in good faith," independent of the service plan. Hall derives her argument from the fact that the service plan has long expired and from a portion of section 43.141 which provides:

> The district court shall enter an order disannexing the area if the court finds that a valid petition was filed with the municipality and that the municipality failed to perform its obligations in accordance with the service plan *or failed to perform in good faith*.

TEX. LOC. GOV'T CODE ANN. § 43.141(b) (West 2008) (emphasis added).[3]

Hall agrees that we need to look to the statute as a whole, and not just isolated portions, when deciding what is meant by "or failed to perform in good faith." *Tex. DOT v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). However, she focuses on the word "or" that precedes "in good faith" and what words are arguably missing. In determining the Legislative purpose of a statute, we begin by looking to the plain meaning of the statute's words. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840-841 (Tex. 2007). If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute. *Tex. DOT*, 146 S.W.3d at 642.

When we look at the annexation and disannexation statute as a whole, we note that there is no separate duty by a city to provide full municipal services "in good faith" beyond those specified in the service plan. Section 43.056 concerns only the service plan: what it must have, what it may not have, how to amend it, and how to enforce it. TEX. LOC. GOV'T CODE ANN. § 43.056 (West Supp. 2013). It is the service plan that provides for the extension of municipal services, not the process of annexation by itself. *Id.* (a). And a service plan *must* be a part of the annexation process. *See id.* Once the public hearings conclude, the service plan is attached to the ordinance of annexation

---

[3] Hall argues that due to the expiration of the service plan, it is no longer a jurisdictional bar to her bringing suit. The service plan was never a jurisdictional bar per se. Attacking the validity of the service plan is a jurisdictional bar.

and is approved as part of the ordinance. *Id*. (j). If a city then fails or refuses to provide services as provided for under the plan, then a majority of the qualified voters of the annexed area may petition the city for disannexation. *Id*. § 43.141 (a) (West 2008). The only services provided by the statute as a whole are those services which are set out in a service plan. Thus, when the disannexation statute provides that, "[th]e district court shall enter an order disannexing the area if the court finds … that the municipality failed to perform its obligations in accordance with the service plan or failed to perform in good faith," *id*. § 43.141(b), the phrase "failed to perform in good faith" cannot mean, as Hall argues, the failure to provide "in good faith" full municipal services outside of, or independent of, the service plan. It can only mean the failure to perform *under the service plan* in good faith. *See Rio Bravo Subdivision Prop. Owners Ass'n v. City of Brownsville*, No. 13-09-00246-CV, 2010 Tex. App. LEXIS 8130 (Tex. App.—Corpus Christi Oct. 7, 2010, no pet.) (mem. op.) (nothing in the plain language of section 43.141(a) indicates that a municipality must provide new or additional services to an annexed area).

Accordingly, Hall's complaints about services not included in the service plan are complaints which she has no standing to pursue.[4]

---

[4] We are not unsympathetic to Hall's plight. The service plan included in the annexation ordinance does not contain the provisions the statute specifies that it must contain. Notwithstanding the failure to include the required statutory provisions in the service plan, Hall cannot compel the City to comply with the annexation process because only the Attorney General can do that in a *quo warranto* proceeding. Thus, absent the possibility of filing a mandamus proceeding against the Attorney General to compel the Attorney General to bring a *quo warranto* proceeding to require compliance by a city with the annexation

Hall also contends that, after 13 years, the annexed area still does not have sewer paid by tax dollars, fire hydrants, water on both sides of Highway 21, waterlines capable of supporting fire hydrants, and adequate police patrols. The service plan at issue did not include a provision for fire hydrants, water on both sides of the highway, or waterlines capable of supporting fire hydrants. It provided for general fire protection and for water and sewer, but any extension of the water or sewer mains were to be at the expense of the landowner of the annexed area. Thus, Hall's particular complaints are not about the City's failure to provide services described in the service plan but are about services she contends were required by the statute but which were not included in the service plan and, thus, are attacks on the adequacy of the service plan. Hall does not have standing to pursue these particular complaints.

Accordingly, the trial court did not err in granting the City's plea to the jurisdiction as to Hall's standing to pursue her claim that the City failed to provide full municipal services "in good faith," independent of the service plan and that the annexed area does not have sewer paid by tax dollars, fire hydrants, water on both sides of Highway 21, and waterlines capable of supporting fire hydrants. The trial court's judgment is affirmed, in part, on these claims.

However, the service plan specifically provided:

---

statute, a person who has property annexed by a city has no readily identifiable remedy to compel the city to comply with the annexation statute by including the minimum statutory requirements for a service plan; one that, in essence, includes the language required by the statute. *See* TEX. LOC. GOV'T CODE ANN. § 43.056 (West Supp. 2013).

> Immediately upon annexation, the City of Bryan Police Department will provide regular and routine preventive patrols as part of its overall patrol activities….

Hall alleged in her petition that police patrols were not adequate "as evidenced by 130 continuous hours of video recording showing only one Bryan police car in the Area during that time." This is a claim about the implementation of the service plan and Hall has standing to pursue that claim.

Because Hall raised at least one claim which she had standing to pursue, the trial court erred in granting the City's plea to the jurisdiction on the basis of standing as to Hall's claim regarding adequate police patrols. Accordingly, the trial court's judgment is reversed in part as to that particular claim. [5]

### Additional Grounds Raised by the City

We now address the additional grounds of res judicata and collateral estoppel, statute of limitations, and sovereign immunity raised by the City in its first supplemental plea to the jurisdiction. [6]

---

[5] In this appeal addressing the plea to the jurisdiction, we do not address any merit-based defenses the City may have to any claim. Furthermore, while we have addressed the other claims made by Hall in her petition and explained why she does not have standing to pursue them and therefore the trial court does not have jurisdiction to hear those claims, our holding does not necessarily mean there are no other claims that Hall can pursue in this proceeding by amending her petition. But for Hall to have standing to pursue any allegation of deficient performance by the City, such allegation must be carefully examined to determine that it is rooted in a failure to perform the service plan adopted as part of the annexation ordinance and not otherwise.

[6] In connection with this proceeding, the City has filed a motion to supplement the record with copies of the record from Hall's first two disannexation proceedings. If the records were appropriate for us to consider in determining our jurisdiction, we could consider them in this proceeding. Because the records are potentially relevant only to a factual determination for merit based defenses as opposed to an evaluation of our jurisdiction, we deny the City's motion.

*Pleas in Bar*

We note, initially, that claims such as res judicata, collateral estoppel, and statute of limitations are pleas in bar, not jurisdictional pleas. *See* TEX. R. CIV. P. 94; *Tex. Hwy. Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967). In oral argument to this Court, the City suggested that at least statute of limitations can be a jurisdictional plea as well, and is a jurisdictional plea in this case. In support of this argument, the City relies on the cases of *City of Murphy v. City of Parker*, 932 S.W.2d 479, 482 (Tex. 1996), *City of Celina v. City of Pilot Point*, No. 2-08-230-CV, 2009 Tex. App. LEXIS 6932 (Tex. App.—Fort Worth Aug. 31, 2009, pet. ref'd) (mem. op.), and *DeMagaloni v. Bexar County Hosp. Dist.*, No. 04-12-00691-CV, 2013 Tex. App. LEXIS 11520 (Tex. App.—San Antonio Sept. 11, 2013, no pet.) (mem. op.). These cases do not support the City's argument. First, the *City of Murphy* and *City of Celina* cases were appeals from the granting of motions for summary judgment; merit-based motions. Second, the *DeMagaloni* case involved a statutory period within which to file an employment discrimination claim which was a mandatory prerequisite to suit against a governmental entity. *See DeMagaloni*, 2013 Tex. App. LEXIS 11520, *4-5. There is no similar statutory prerequisite for filing a suit for disannexation. An ordinary statute of limitations defense is a plea in bar, not a jurisdictional plea.

If a plea in bar is sustained, a take-nothing judgment finally disposing of the controversy will be rendered on the merits for the defendant. *See Jarrell*, 418 S.W.2d at

488; *Kelley v. Bluff Creek Oil Co.*, 309 S.W.2d 208, 214 (Tex. 1958). In contrast, a plea to the jurisdiction is a challenge to the court's power to hear the suit, which, if sustained, requires dismissal of the case. *See Jarrell*, 418 S.W.2d at 488; *see also National Life Co. v. Rice*, 140 Tex. 315, 167 S.W.2d 1021, 1024 (Tex. Comm'n App. 1943) (defining jurisdiction as "the power conferred upon a court by the Constitution and laws to determine the merits of that suit as between the parties and to carry its judgment into effect").

The trial court dismissed Hall's claims "in their entirety." Thus, it is evident that the trial court did not grant the City's plea to the jurisdiction based on the pleas in bar, nor would it be proper to do so if the suit was properly dismissed for lack of jurisdiction.

*Sovereign Immunity*

We next address the City's assertion of sovereign immunity. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) ("if a governmental entity validly asserts that it is immune from a pending claim, any court decision regarding that claim is advisory to the extent it addresses issues other than immunity…."). In its supplemental plea to the jurisdiction, the City raised sovereign immunity as a subset to its argument on standing. The gist of the City's argument is that because Hall attacks the validity of the annexation, Hall lacks standing and thus, the City has sovereign immunity from Hall's suit. On appeal, the City also argues that Hall has not established a waiver of immunity because Hall failed to establish legislative consent expressly granting consent for a

citizen disannexation suit upon the expiration of the service plan. We need not discuss these arguments.

A dismissal pursuant to a plea to the jurisdiction based on sovereign immunity is with prejudice. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007) (citing *Harris County v. Sykes*, 136 S.W.3d 635, 636 (Tex. 2004)). In this case, the trial court dismissed Hall's claims "in their entirety," but not with prejudice. Thus, it appears the trial court did not grant the City's plea to the jurisdiction based on its claim of sovereign immunity.[7]

### *Conclusion-Plea to the Jurisdiction*

Because Hall has standing to pursue at least one claim raised in her petition, that being the City failed to provide adequate police patrols, Hall's second issue is sustained in part.

### CONCLUSION

Having sustained Hall's second issue on appeal in part, we affirm the trial court's judgment granting the City's plea to the jurisdiction and dismissing Hall's suit as to Hall's standing to seek disannexation based on her claim that the City failed to provide full municipal services "in good faith," independent of the service plan and

---

[7] Moreover, we have already determined that Hall cannot sue the City based on a non-compliant service plan because she does not have standing. The Attorney General, however, does have standing, and thus the City lacks sovereign immunity to such a suit. Furthermore, the statute expressly provides for a suit by a property owner for disannexation for failure to comply with the service plan and is thus a statutory waiver of the common law doctrine of sovereign immunity. *See* TEX. LOCAL GOV'T CODE ANN. § 43.141 (West 2008).

that the annexed area does not have sewer paid by tax dollars, fire hydrants, water on both sides of Highway 21, and waterlines capable of supporting fire hydrants, reverse the trial court's judgment granting the City's plea to the jurisdiction and dismissing Hall's suit as to Hall's standing to seek disannexation based on her claim that the City lacked adequate police patrols, and remand the case to the trial court for further proceedings.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed in part; reversed and remanded in part
Opinion delivered and filed July 24, 2014
[CV06]